OPINION AND JOURNAL ENTRY
{¶ 1} Petitioner James R. Watson has filed a petition for writ of habeas corpus with this Court. Petitioner asserts that he is being unlawfully held in the Noble Correctional Institution after the expiration of his lawful prison term. He contends that he is now being held due to a violation of the conditions of postrelease control, but that he was never informed by the trial court that he was subject to postrelease control. Petitioner concludes that the Adult Parole Authority has no power to continue to hold him in light of the trial court's error, and that he should be immediately released. Respondent Jeffrey Wolfe, Warden of the Noble Correctional Institution, has filed a motion to dismiss this petition on the basis that Petitioner cannot use the extraordinary remedy of habeas corpus when there was an alternative legal means to address this matter, namely, a direct appeal of the sentencing entry that imposed an additional 30-month prison term for violations of postrelease control. Respondent is correct, and this petition is hereby dismissed.
 {¶ 2} Petitioner was sentenced to community control in a case involving three counts of theft, Case No. 97CR297 in Licking County Common Pleas Court. Petitioner was resentenced on January 5, 1999 because he had violated the terms of his community control. He was resentenced to three concurrent sentences of six months in prison. Petitioner completed this prison term and was placed on postrelease control on May 5, 1999.
 {¶ 3} On November 9, 1999, in Case No. 99CR307, Petitioner was sentenced to two years in prison on one count of burglary. He was also given a 30-month prison sentence because Petitioner had violated the terms of his postrelease control in Case No. 97CR297, to be served consecutively.
 {¶ 4} At some earlier time, Petitioner had been placed on community control in a matter involving one count of forgery and one count of theft (Case No. 98CR91). On the same date as the sentencing and resentencing for the above two cases, November 9, 1999, Petitioner was resentenced in Case No. 98CR91 because he had violated the terms of his community control. On resentencing in this matter he received two concurrent nine-month prison terms. This sentence was ordered to be served consecutively to the sentence imposed in Case No. 99CR307. Ultimately, in the two sentencing entries Petitioner received consecutive prison terms of two years, of nine months, and of 30-months, less time already served.
 {¶ 5} Petitioner was released from prison on November 14, 2001, after serving only two years and nine months of his sentence, and without having served the 30-month prison term imposed in Case No. 99CR307. It appears that Petitioner was released due to a clerical error.
 {¶ 6} Petitioner was sentenced in yet another matter on June 5, 2003, Case No. 03CR99, for one count of burglary. He was sentenced in this matter to a three-year prison term and was given an additional 12 months in prison for violating the terms of postrelease control in Case. No. 99CR307. The Adult Parole Authority also recalculated Petitioner's release to take into account the 30-month prison term from Case No. 99CR307 that had not yet been served. Petitioner's scheduled release date is August 25, 2009.
 {¶ 7} Petitioner filed his petition for writ of habeas corpus on May 25, 2006. Respondent filed a motion to dismiss on July 6, 2006. We must first note that Petitioner has not fulfilled all the requirements for filing a writ of habeas corpus as set forth in R.C. § 2725.04, which states:
 {¶ 8} "2725.04 Application for writ
 {¶ 9} "Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:
 {¶ 10} "(A) That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;
 {¶ 11} "(B) The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended;
 {¶ 12} "(C) The place where the prisoner is so imprisoned or restrained, if known;
 {¶ 13} "(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear."
 {¶ 14} Petitioner did not include with his petition the necessary documents that explain the reason for his current confinement. Petitioner neglected to attach a copy of the June 5, 2003, sentencing entry from Case No. 03CR99, and it is apparently this entry that actually forms the basis of his current confinement. Petitioner also failed to include the resentencing entry in Case No. 98CR91. The Ohio Supreme Court has consistently held that the failure to include all the pertinent commitment papers is a fatal defect to the petition for writ of habeas corpus. Waites v. Ganscheimer, 110 Ohio St.3d 250,2006-Ohio-4358; State ex rel. Johnson v. Ohio Dept. of Rehab. Corr. (2002), 95 Ohio St.3d 70, 765 N.E.2d 356.
 {¶ 15} In order for a prisoner to be entitled to a writ of habeas corpus, he must be able to prove that he or she is being held by virtue of a judgment that was beyond the scope of the jurisdiction of the court that entered the judgment. R.C. §2725.05; see also, Wireman v. Ohio Adult Parole Auth. (1988),38 Ohio St.3d 322, 528 N.E.2d 173. Habeas corpus relief is only available when the petitioner is entitled to immediate release from present confinement. McConnaughy v. Doe (1963),174 Ohio St., 533, 534, 23 O.O.2d 178, 190 N.E.2d 576. The writ must be denied where the inmate is not challenging the jurisdiction of the sentencing court. Id.
 {¶ 16} Petitioner's argument appears to be that the trial court failed to fully inform him that he was subject to postrelease control, that the trial court could not impose additional prison time due to violations of unlawfully imposed postrelease control, and that this error deprives the Adult Parole Authority from continuing to confine him for violations of the terms of postrelease control.
 {¶ 17} Respondent correctly argues that habeas relief is not available where there is an adequate remedy available at law.Gaskins v. Shiplevy (1996), 76 Ohio St.3d 380, 383,667 N.E.2d 1194. Habeas relief is not a substitute for other forms of action, such as a direct appeal. Adams v. Humphreys (1986),27 Ohio St.3d 43, 500 N.E.2d 1373. The existence of an alternative legal remedy is sufficient to remove a petitioner's allegations from habeas consideration, whether the remedy continues to be available or not, as long as the petitioner could have availed himself of the remedy. Luna v. Russell (1994),70 Ohio St.3d 561, 639 N.E.2d 1168.
 {¶ 18} Petitioner is challenging one or more sentencing errors that are cognizable from the face of the sentencing entries themselves. In other words, the entries will reflect whether the sentencing court did or did not discuss postrelease control, and whether Petitioner was actually sentenced for violations of unlawful postrelease control. Petitioner could have raised this type of issue on direct appeal, as many other criminal defendants have done. State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864; State v. Smith,162 Ohio App.3d 208, 2005-Ohio-3579, 832 N.E.2d 1286; State v. Harris,160 Ohio App.3d 851, 2005-Ohio-2503, 828 N.E.2d 1086.
 {¶ 19} We are mindful that the Ohio Supreme Court has recently allowed habeas relief in a situation where the sentencing entry failed to mention postrelease control and where the Adult Parole Authority had sua sponte imposed postrelease control. Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126. The instant petition for writ of habeas corpus alleges quite a different situation. Petitioner is challenging the trial court's ability to impose additional prison time after a violation of postrelease control when there may have been a problem with the how the postrelease control was first imposed. Petitioner is incarcerated based on specific prison terms imposed in specific trial court judgment entries, not based on sua sponte action by the Adult Parole Authority, and these judgment entries could have been challenged on direct appeal.
 {¶ 20} Due to the above-mentioned deficiencies in the petition, we hereby grant Respondent's motion to dismiss the petition for writ of habeas corpus. This is a final order. Clerk to serve notice as provided by the Civil Rules.
Waite, J., concurs.
Donofrio, P.J., concurs.
Vukovich, J., concurs.