{¶ 1} Defendant-appellant Robert Fitzgerald appeals from his conviction after a jury trial on one count of failure to register as a sexual offender, in violation of R.C. 2950.04.
 {¶ 2} Appellant presents six assignments of error in which he challenges his convictions on the grounds that the trial court lacked jurisdiction over his person, he was not brought to trial within the statutory time period, the evidence was insufficient to prove his guilt, the trial court refused to appropriately reply to a jury question, and the prosecutor engaged in misconduct. He further challenges his sentence on the ground that the trial court miscalculated his credit for time served.
 {¶ 3} Following a review of the record, this court disagrees with appellant's challenges. Consequently, his conviction and sentence are affirmed.
 {¶ 4} As pertinent to this case, the record reflects in 1997 appellant was a Cleveland resident when he was indicted on three counts, viz., rape, gross sexual imposition, and kidnapping, each with a repeat violent offender, a sexually violent predator, and a sexual motivation specification.
 {¶ 5} He entered into a plea agreement by which in exchange for his guilty plea to the first count with the deletion of the sexually violent predator specification, the remaining charges were dismissed.
 {¶ 6} In March 1998, the court accepted his plea, convicted him of rape with specifications, and sentenced him to a 5 year prison term. The journal entry of sentence, however, made no reference to either a period of post-release control, or appellant's reporting requirements as a convicted sexual offender.
 {¶ 7} Appellant was scheduled for release from his prison term on January 10, 2003. Prior to his release, the institution's records management supervisor, Leslie Payton, called him into her office to explain his sexual offender registration duties. She handed him a sheet of instructions, which indicated that, as a person who had been convicted of a sexually oriented offense, he was considered by statute to be a "sexually oriented offender." As such, within seven days of his release, he was required to register with the sheriff's office in his county of residence.
 {¶ 8} Payton inquired as to where appellant planned to live. Appellant refused to answer. Apparently, appellant was aware of a line of appellate decisions that held that without a journal entry stating a convicted offender would be subject to post-release control, upon that person's release from prison, the Adult Parole Authority ("APA") had no jurisdiction over that offender. Cf., State v. Jordan, 104 Ohio St.3d 222004-Ohio-6085.
 {¶ 9} In the face of appellant's refusal, Payton informed him that, since he was a Cleveland resident upon his conviction, she expected him to return to Cleveland. Without a given address, moreover, he was assumed to be going to the Salvation Army Shelter, located on Lakeside Avenue. This was all set forth on the form.
 {¶ 10} Payton further explained that if he did not fulfill his duties, he was subject to further prosecution. Appellant indicated he understood, but refused to sign the form. Payton noted these details in her writing on the face of the form before she gave appellant a copy.
 {¶ 11} Seven days later, appellant had not reported to the shelter. His absence duly was noted by the APA officer assigned to his case. The parole officer ("PO") notified the sheriff's office. Eventually, the deputy assigned to the case obtained an indictment against appellant in May 2003 for violation of R.C. 2950.04, failure to register as a sexual offender. Still later, another warrant was issued for a second indictment which charged appellant with the crime of escape, R.C.2921.34, for failing to report to the APA.
 {¶ 12} The record reflects that upon his release from prison, appellant left for Massachusetts, where he had family. The record additionally reflects that on April 16, 2004, he was arrested in that state on fugitive warrants for his Cuyahoga County indictments. Although Massachusetts also charged appellant with failure to register, that case was dismissed on April 27 in favor of the Ohio warrants, whereupon appellant was returned to Ohio.
 {¶ 13} Appellant remained in prison pending an APA violation hearing. Appellant never challenged the APA's authority to conduct this proceeding. The hearing was conducted, and on June 21, 2004 appellant was determined to be guilty of violating parole. His sentence for that offense concluded on November12, 2004.
 {¶ 14} Appellant was arraigned on the charge of failure to register as a sexual offender on November 16, 2004. Seven days later, he was released on bond pending trial. His case came before the court for a hearing on January 19, 2005.
 {¶ 15} At the hearing, the prosecutor requested a dismissal of the case, citing a "defect" in the original indictment. The prosecutor indicated all parties were aware of an intent to reindict. Appellant made no objection to the procedure; thus, he raised no issue concerning either the court's jurisdiction or his right to a speedy trial.
 {¶ 16} On February 10, 2005 the new indictment was filed. It contained two typographical errors, stating the date of appellant's rape conviction as "March 6" rather than March 4, 1998, and stating the charge as rape in violation of "R.C. 2907.05" rather than R.C. 2907.02. When the case was called for trial, the court permitted the state to amend the indictment, over appellant's objection.
 {¶ 17} Appellant at this time filed a motion to dismiss the indictment on several grounds: 1) lack of subject matter jurisdiction due to the lack in the original order of sentence of any mention of reporting requirements or post-release control; 2) lack of personal jurisdiction due to appellant's Massachusetts residency; and, 3) failure to comply with speedy trial requirements.
 {¶ 18} The trial court considered the motion on the record while the jury was being empaneled. After the motion was denied, and the jury seated, the court ruled in appellant's favor on his motion to prevent the witnesses from mentioning appellant's contested status as a "parolee." The case proceeded.
 {¶ 19} The prosecutor presented as the state's witnesses Payton, the PO assigned to appellant's case, and the deputy who caused the issuance of the original indictment. Appellant, through defense counsel, repeatedly and argumentatively on cross-examination of these witnesses brought up his challenge to his status as a "parolee." After the trial court declined to grant his motion for acquittal, appellant elected to present no testimony.
 {¶ 20} The jury ultimately convicted appellant of the charge, and the trial court proceeded to sentence him to a term of ten months. The May 9, 2005 journal entry of sentence gives him credit for time served of 1 day.
 {¶ 21} On May 16, 2005 appellant filed a motion for a new trial. On May 26, 2005 he filed a notice of appeal, but, due to the existence of the new trial motion, that appeal was dismissed on July 7. On July 8, 2005 the trial court denied his motion for a new trial.
 {¶ 22} Thereafter, appellant filed in the trial court a "motion for jail time credit." The trial court issued an order on August 2, 2005 that granted the motion, giving him a "total of 9 days." According to the trial court's case file, appellant's appeal was reinstated on August 10, 2005.
 {¶ 23} Appellant presents six assignments of error for review.
 {¶ 24} "I. Appellant's conviction and sentence are void because the trial court lacked subject-matter jurisdiction to (sic) the case because appellant did not reside or domicile in Cuyahoga County, Ohio. ArticleI, Sec. 10 of the Ohio Constitution.
 {¶ 25} "II. The trial court lacked jurisdiction to try appellant because he was not brought to trial within the required time mandated by R.C. 2945.71(C)(2) and as guaranteed by the Sixth andFourteenth Amendments to the United States Constitution and Article I, [Sec.] 10 of the Ohio Constitution.
 {¶ 26} "III. The trial judge (sic) abused its discretion when it refused to answer "Yes" or "No" to jury requests for clarification on legal issues, thereby denying appellant his constitutional right to a fair trial.
 {¶ 27} "IV. The trial court committed plain error when it denied appellant's Rule 29 motions because the evidence was insufficient to find the essential elements to support a conviction under R.C. 2950.04
in deprivation of Article I, Section 16 of the Ohio Constitution and theFourteenth Amendment to the United States Constitution.
 {¶ 28} "V. The trial court abused its discretion by failing to properly calculate the correct number of pre-trial days appellant was confined arising from the offense of which he was convicted and sentenced.
 {¶ 29} "VI. Brian Mooney, prosecuting attorney, committed willful and deliberate misconduct, which denied appellant his right to a fair trial by using false and misleading information during the prosecution of appellant."
 {¶ 30} Since they contain similar issues, this court will address appellant's first, second, fourth, and sixth assignments of error together.
 {¶ 31} In these assignments of error, appellant argues that since he never was subject to any actual Ohio court order of either post-release control or registration, and since he elected to become a Massachusetts resident upon his release from prison, the indictment against him in this case never should have been brought and he never should have been convicted of the offense. On that same basis, he contends that he was denied his right to a speedy trial by being incarcerated for such a long period of time on this charge from the time of his arrest in Massachusetts.
 {¶ 32} Appellant claims that since his original journal entry of sentence for the rape conviction failed to contain any notice that he was subject to post-release control, pursuant to State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085, no "valid" period of post release control existed. Thus, the parole holder pursuant to which he was brought to Ohio, held until hearing, and then sentenced for violating, itself was invalid. Additionally, appellant asserts the prosecuting attorney was aware of the foregoing, therefore, he engaged in misconduct by pursuing the charge to appellant's conviction.
 {¶ 33} This court finds appellant's arguments both unpersuasive and untimely.
 {¶ 34} R.C. 2950.04(A) mandates that a person convicted of rape " shall register personally with the sheriff of the county within fivedays of the offender's coming into a county in which the offenderresides or temporarily is domiciled * * * and shall register with the sheriff or other appropriate person of the other stateimmediately upon entering into any other state other than this state." (Emphasis added.)
 {¶ 35} Furthermore, pursuant to R.C. 2950.05, at least twenty days prior to any change of address, the offender must provide notice of that change, "to the sheriff with whom the offender * * * most recently registered the address * * *."
 {¶ 36} As the Ohio Supreme Court stated in State v. Hayden,96 Ohio St.3d 211, 214, 2002-Ohio-1169, the fact of appellant's conviction for a sexually-oriented offense "was established," thus, he "was automatically classified as a sexually oriented offender" and, therefore, he was required to register "as prescribed by R.C. 2950.04(A)(2)," whether a court order to that effect existed or not.
 {¶ 37} Appellant was a Cleveland resident at the time of his conviction for rape. Prior to his release from prison, he had the opportunity to inform the APA of his intention to live in Massachusetts. Had he done so, the APA would have noted his intended address, required him to report there, and notified the sheriff's department in that county of his release.
 {¶ 38} Instead, he permitted the APA to assume he was returning to Cleveland. Under these circumstances, he impliedly consented to the actions those officials took in assigning him to a residence and monitoring his absence from the place to which he had been assigned. His failure to report constituted a criminal offense pursuant to R.C.2950.04, and the prosecutor engaged in no misconduct by presenting sufficient evidence to prove his guilt of that offense. State v.Sturgeon (1998), 131 Ohio App.3d 538.
 {¶ 39} The dissenting opinion believes that appellant's conviction in the instant case is improper under Hernandez v. Kelly,108 Ohio St.3d 395, 2006-Ohio-126. Hernandez, however, is inapplicable for several reasons.
 {¶ 40} First, appellant was returned to Ohio in May 2004 on the warrants; he was held thereafter on a charge of not only failure to register, but also failure to comply with post-release control. Although appellant's journal entry of sentence in the rape case contained no notice of post-release control, he never filed a writ of habeas corpus. Recent decisions of the Ohio Supreme Court have interpretedHernandez to mean that in a case such as appellant's, this was the only appropriate remedy. Gensley v. Eberlin, 110 Ohio St.3d 1456,2006-Ohio-4474, cf., Watkins v. Collins, 110 Ohio St.3d 1477,2006-Ohio-5082.
 {¶ 41} Moreover, Hernandez has been superceded by statute. State v.Baker, Hamilton App. No. C-050791, 2006-Ohio-4902, fn. 5; R.C. 2929.191; R.C. 2967.28(B), as amended, effective July 11, 2006, during the pendency of this appeal. The effect of those amendments to the law, specifically as they relate to sanctions for alleged postrelease control violations, are relevant to appellant's argument.
 {¶ 42} According to Section 5(A) of Am. Sub. H.B. 137, R.C. 2929.191
was enacted for the purpose of "reaffirm[ing] that, under the amended sections [of the Ohio Criminal Code] as they existed prior to [July 11, 2006]: by operation of law and without any need for priornotification or warning, every convicted offender sentenced to a prison term * * * for a felony sex offense * * * always is subject to a period of post-release control after the offender's release from imprisonment pursuant to and for the period of time described in division (B) of section 2967.28 of the Revised Code;* * *." (Emphasis added). Section (B) of Am. Sub. H.B. 137 states the enactment and its related statutory amendments were intended as "remedial in nature."
 {¶ 43} The statutory provisions thus were meant to supercedeHernandez. The law now permits an offender to be placed under post-release control regardless of the trial court's failure to inform him of that possibility. State v. Baker, supra at fn. 5. Laws of a remedial nature may be applied retroactively. EPI of Cleveland v.Limbach (1989), 42 Ohio St.3d 103.
 {¶ 44} With regard to the applicability of the amended provisions, this court declines to reward appellant for his contumacious and illegal behavior. Appellant was convicted originally for committing rape, and thus, was automatically a "sexual offender" who was required to report by operation of law. Pursuant to R.C. 2950.04(A)(1)(a), appellant had an automatic duty to register in the county in which he resided.
 {¶ 45} Appellant's refusal to inform the APA of his intent to relocate was deliberate. Clearly, he sought to "slip under the radar" by permitting the APA to assume he was returning to his previous place of residence, viz., Cleveland.
 {¶ 46} Simply stated, appellant was circumventing the law, while the APA was attempting to fulfill its lawful duties. R.C. 2967.28(D)(1) and (2). Especially in view of the intent underlying the passage of Ohio's version of "Megan's Law," appellant will not be permitted to profit from being a fugitive from justice. R.C. 1.58, which addresses retroactive application of statutory enactments, does not apply to give a criminal defendant a "benefit." State v. Kaplowitz, 100 Ohio St.3d 205,2003-Ohio-5602.
 {¶ 47} In addition, at this point, appellant's challenge in this appeal to the APA's authority to subject him to any type of post-release control is untimely. Watson v. Wolfe, Noble App. No. 06 NO 333,2006-Ohio-5304; State v. Rutherford, Champaign App. No. 06CA13,2006-Ohio-5132.
 {¶ 48} Accordingly, appellant's first, second, fourth, and sixth assignments of error are overruled.
 {¶ 49} In his third assignment of error, appellant argues the trial court misinstructed the jury by refusing to clarify an issue. Since the record completely belies this argument, it is rejected, and his assignment of error overruled.
 {¶ 50} Appellant claims in his fifth assignment of error that the court miscalculated his jail credit time. This assignment of error also is overruled.
 {¶ 51} The record reflects appellant raised this issue between the time his premature first notice of appeal was dismissed and the case was reinstated on appeal. Since the trial court, which retained jurisdiction of his case, acceded to his request for additional jail credit, this issue is moot.
Appellant's conviction and sentence are affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, JUDGE ANTHONY O. CALABRESE, JR., J. CONCURS
DIANE KARPINSKI, P.J. DISSENTS (SEE ATTACHED DISSENTING OPINION)