JOURNAL ENTRY AND OPINION
{¶ 1} Petitioner, Theron Griffin, is the defendant in State v.Griffin, Cuyahoga County Court of Common Pleas Case No. CR-491600, in which he is charged with escape. By entry received for filing in Case No. CR-491600 on April 27, 2007, Griffin pled no contest to the escape charge. The court of common pleas found him guilty and scheduled a sentencing hearing for May 17, 2007. Griffin is in the Cuyahoga County Jail in the custody of respondent sheriff.
 {¶ 2} In State v. Griffin, Cuyahoga App. No. 83724, 2004-Ohio-4344, this court concluded "that the court's explanation of post-release control sanctions was inadequate and did not substantially comply with the court's responsibilities under Crim. R. 11(C)(2)(a) and R.C. 2943.03.2(E)," Id. at ¶ 13; and vacated Griffin's guilty pleas and sentences in the underlying cases — Cuyahoga County Court of Common Pleas Case Nos. CR-410027, CR-412141 and CR-420954. On remand, the court of common pleas specified in its sentencing entries in Case Nos. CR-410027, CR-412141 and CR-420954 that "post release control is part of this prison sentence."
 {¶ 3} Griffin complains, however, that he was not notified at the sentencing hearing after the remand that he would be subject to post-release control. Additionally he avers that he was released from prison on August 6, 2004 after completing his maximum three-year term. Griffin notes that his release from prison was prior to the August 19, 2004 release date of this court's journal entry and *Page 4 
opinion (which was journalized on August 30, 2004) as well as prior to his resentencing, which was journalized on November 30, 2004.
 {¶ 4} Griffin requests that this court order his release as well as order that the escape charge in Case No. CR-491600 be dismissed because the adult parole authority lacked jurisdiction to impose post-release control and because he had already completed his sentence before the court of appeals ordered resentencing. Respondent has filed a motion for summary judgment attached to which are copies of the sentencing entries after remand in Case Nos. CR-410027, CR-412141 and CR-420954. For the reasons stated below, we grant the motion for summary judgment.
 {¶ 5} Griffin primarily relies on Hernandez v. Kelly,108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, in support of his position. InHernandez, the petitioner was in prison for having violated the terms of post-release control. In his original criminal case, the trial court had told Hernandez at his sentencing that the duration of post-release control could be up to five years despite the fact that his case required a mandatory five-year term of post-release control. After the court of appeals reversed aspects of Hernandez's conviction, the trial court on remand "did not notify Hernandez that he would be subject to postrelease control. In addition, the common pleas court did not incorporate a period of postrelease control in its journal entries imposing sentence." Id. at 396. As was the case for Griffin, Hernandez was *Page 5 
first released from prison before he was detained and ultimately found to have violated several conditions of post-release control.
 {¶ 6} The Supreme Court granted Hernandez's request for a writ of habeas corpus and ordered that he be released.
 "The Adult Parole Authority was not authorized to put Hernandez on postrelease control and sanction him for violating the terms of that control in the absence of appropriate notification of postrelease control by the trial court and incorporation of postrelease control in its sentencing entry. In that his journalized sentence has expired, Hernandez is entitled to the writ and release from prison and from further postrelease control."
 Id. at 401. Griffin argues, therefore, that — given the similarities between his circumstances and those of Hernandez — Griffin is entitled to relief in habeas corpus.
 {¶ 7} Griffin fails to recognize, however, that the Supreme Court has distinguished the circumstances present in cases in which the trial court issued a journal entry imposing post-release control from those inHernandez where the trial court neither notified Hernandez regarding post-release control nor stated in the sentencing entry that he was subject to post-release control.
 "The petitioners' sentencing entries, although they mistakenly included wording that suggested that imposition of postrelease control was discretionary, contained sufficient language to authorize the Adult Parole Authority to exercise postrelease control over the petitioners. Consequently, in accordance with our general precedent, habeas corpus is not available to contest any error in the sentencing entries, and petitioners have or had an adequate remedy by way of appeal to challenge the imposition of postrelease control." *Page 6 
Watkins v. Collins, 111 Ohio St.3d 425, 434, 2006-Ohio-5082,857 N.E.2d 78. Clearly, the circumstances in this case more closely resemble those in Watkins than those in Hernandez.
 {¶ 8} Additionally, we note that this court has already determined that, due to action by the General Assembly, provisions of the Revised Code are now controlling.
 "Moreover, Hernandez has been superceded by statute. State v. Baker, Hamilton App. No. C-050791, 2006 Ohio 4902, fn. 5; R.C. 2929.191; R.C. 2967.28(B), as amended, effective July 11, 2006, during the pendency of this appeal. The effect of those amendments to the law, specifically as they relate to sanctions for alleged postrelease control violations, are relevant to appellant's argument.
 "According to Section 5(A) of Am. Sub. H.B. 137, R.C. 2929.191 was enacted for the purpose of `reaffirming] that, under the amended sections [of the Ohio Criminal Code] as they existed prior to [July 11, 2006]: by operation of law and without any need for prior notification or warning, every convicted offender sentenced to a prison term * * * for a felony sex offense * * * always is subject to a period of post-release control after the offender's release from imprisonment pursuant to and for the period of time described in division (B) of section 2967.28 of the Revised Code; * * *.' (Emphasis added). Section (B) of Am. Sub. H.B. 137 states the enactment and its related statutory amendments were intended as `remedial in nature.'
 "The statutory provisions thus were meant to supercede Hernandez. The law now permits an offender to be placed under post-release control regardless of the trial court's failure to inform him of that possibility. State v. Baker, supra at fn. 5. Laws of a remedial nature may be applied retroactively. EPI of Cleveland v. Limbach
(1989), 42 Ohio St.3d 103, 537 N.E.2d 651."
State v. Fitzgerald, Cuyahoga App. No. 86443, 2006-Ohio-6575, at ¶ 41-43, awaiting determination of jurisdiction in Supreme Court of Ohio Case No. 2007-0273. In light of Fitzgerald, we cannot conclude thatHernandez is controlling in this action nor can *Page 7 
we conclude that Griffin is entitled to relief in habeas corpus. Rather, we must hold that Watkins and Fitzgerald require that we deny Griffin's request for relief in habeas corpus. Additionally, Griffin has not provided this court with any authority for the proposition that this court may order that the escape charge be dismissed.
 {¶ 9} We also note that the petition is not verified as required by R.C. 2725.04, is not supported with an affidavit specifying the details of the claim as required by Loc. App. R. 45(B)(1)(a), and is not supported with an R.C. 2969.25(A) affidavit describing each civil action or appeal of a civil action which Griffin had filed in the previous five years in any state or federal court. Any one of these grounds would be a sufficient basis for dismissing this action. See, e.g., Johnson v.McFaul, Cuyahoga App. No. 86153, 2005-Ohio-1663, at ?4-7.
 {¶ 10} Although Griffin did file an "Affidavit of Indigency," attached to which are a list of civil filings during the last five years and a sheet identified as his trust account with the sheriff's office, the statement is not certified as required by R.C. 2969.25(C). State ex rel.Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, at 3-4. Additionally, the "Affidavit of Indigency" and his "Sworn Affidavit" attached to Griffin's response to respondent's motion for summary judgment are not notarized. State ex rel. Bristow v. The PlainDealer (Dec. 6, 2001), Cuyahoga App. No. 80462, at 4. Griffin "also failed to include the address of the parties in the caption of the petition as required by Civil Rule 10 (A). This may also be grounds for dismissing the action. State ex rel. Sherrills v. State (2001),91 Ohio St.3d 133, *Page 8 742 N.E.2d 651." State ex rel. Hall v. Calabrese (Aug. 16, 2001), Cuyahoga App. No. 79810, at 2.
 {¶ 11} Accordingly, respondent's motion for summary judgment is granted. Petitioner to pay costs. The clerk is directed to serve upon the parties notice of
 {¶ 12} this judgment and its date of entry upon the journal. Civ. R. 58(B).
Petition denied.
SEAN C. GALLAGHER, PRESIDING JUDGE
 KENNETH A. ROCCO, J., and CHRISTINE T. MCMONAGLE, J., CONCUR