DECISION AND JUDGMENT ENTRY
{¶ 1} Michael L. Morris appeals the Pickaway County Common Pleas Court's sentencing entry, which imposed non-minimum, consecutive sentences for five felony offenses and a non-minimum, concurrent sentence for one misdemeanor offense. Morris contends that the trial court did not properly apply the sentencing statutes before it sentenced him. Because the trial court considered R.C. 2929.19(B)(2) and parts of R.C. 2929.14 before it imposed non-minimum, consecutive sentences, and because the Ohio Supreme Court has declared R.C. 2929.19(B)(2) and parts of R.C.2929.14 unconstitutional, we find Morris' sentences void. SeeState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph one and three of the syllabus and ¶ 103.[1] Accordingly, we vacate Jonas' sentences and remand this cause to the trial court for a new sentencing hearing.
 I. {¶ 2} A Pickaway County jury found Morris guilty of six offenses as follows: (1) burglary, a felony of the second degree; (2) attempted theft, a misdemeanor of the second degree; (3) breaking and entering, a felony of the fifth degree; (4) theft, a felony of the fifth degree; (5) vandalism, a felony of the fifth degree; and (6) failure to comply, a felony of the third degree. The trial court sentenced Morris accordingly. On appeal, this court affirmed these six convictions but vacated the sentences and remanded this case to the trial court for re-sentencing.State v. Morris, 159 Ohio App.3d 775, 2005-Ohio-962.
 {¶ 3} At the re-sentencing hearing, the court considered the sentencing statutes and ran the five felony offenses consecutively and ran the one misdemeanor offense concurrently. Morris received a non-minimum sentence for all six offenses.
 {¶ 4} Morris appeals and asserts the following two assignments of error: I. "The trial court erred by imposing consecutive sentences without providing adequate reasons to support its findings." And, II. "The trial court erred by sentencing Mr. Morris to prison based on facts not found by the jury or admitted by Mr. Morris."
 II. {¶ 5} In each of his assignments of error, Morris asserts that the trial court did not properly apply the sentencing statutes. Therefore, we consider his assignments of error together.
 {¶ 6} R.C. 2929.14 (B) and R.C. 2929.19(B)(2) are unconstitutional because they require judicial fact-finding.Foster, supra, paragraph one of the syllabus. R.C.2929.14(E)(4) is unconstitutional because it requires trial courts to make findings based on facts that a jury has not determined or a defendant has not admitted. Id. at paragraph 3 of the syllabus (citing Apprendi v. New Jersey (2000),530 U.S. 466; Blakely v. Washington (2004), 542 U.S. 296. Because theFoster court found R.C. 2929.14(B), R.C. 2929.14(E(4), and R.C.2929.19(B)(2) unconstitutional, it determined that the sentences imposed in pending cases and those cases on direct appeal are void and must be remanded to the trial courts for resentencing. Id. at ¶ 103- ¶ 104.
 {¶ 7} Here, Morris' case is on direct appeal after a remand for re-sentencing. The trial court considered R.C. 2929.19(B)(2) and parts of R.C. 2929.14 before it imposed non-minimum, consecutive sentences. Therefore, we find that Morris' sentences are void.
 {¶ 8} Accordingly, we vacate Morris' non-minimum, consecutive sentences and remand this cause to the trial court for re-sentencing.
SENTENCES VACATED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the SENTENCES BE VACATED and THIS CAUSE REMANDED to the trial court with an instruction to re-sentence the defendant and that the costs herein be taxed to the Appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Abele, J. and McFarland, J.: Concur in Judgment and Opinion.
[1] We note that the trial court did not have the benefit of the Foster decision before it sentenced Jonas.