OPINION
{¶ 1} Defendant-appellant, Danielle Calhoun, appeals the sentence imposed by the Butler County Court of Common Pleas after she was convicted of aggravated robbery and felonious assault with firearm specifications.
 {¶ 2} In 2004, a jury found appellant guilty of aggravated robbery and felonious assault with gun specifications for her role in the robbery of a pizza delivery driver. The trial *Page 2 
court sentenced appellant to two six-year concurrent prison terms plus a three-year consecutive prison term for the firearm specification.
 {¶ 3} Appellant appealed both her conviction and sentence and this court affirmed. State v. Calhoun (May 31, 2005), Butler App. No. CA2004-08-192 (accelerated calendar judgment entry). Appellant appealed to the Ohio Supreme Court, who affirmed her conviction, but remanded the case for resentencing pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. In re Criminal Sentencing Statute Cases,109 Ohio St.3d 313, 2006-Ohio-2109, ¶ 75. After a hearing, the trial court sentenced appellant to the same sentence as was originally imposed.
 {¶ 4} Appellant now appeals the trial court's resentencing decision, raising two assignments of error for our review:
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED BY IMPOSING POSTRELEASE CONTROL."
 {¶ 7} Assignment of Error No. 2:
 {¶ 8} "THE TRIAL COURT ERRED BY IMPOSING NON-MINIMUM PRISON SENTENCES."
 {¶ 9} In her first assignment of error, appellant challenges the trial court's imposition of post-release control on the basis that recent additions and amendments to the statute are unconstitutional. Appellant argues that amendments to the Revised Code through Am. Sub. H.B. 137, which authorize the executive branch to impose post-release control without a court order, are unconstitutional as they violate the separation of powers doctrine.
 {¶ 10} In Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, the Ohio Supreme Court held that the Adult Parole Authority is precluded from imposing post-release control unless the trial court includes post-release control as part of its sentence. The effect of the recent revisions and additions to the Revised Code by Am. Sub. H.B. 137 is that an offender is *Page 3 
now permitted to be placed on post-release control even if the trial court fails to include a provision for post-release control in the sentencing entry. State v. Fitzgerald, Cuyahoga App. No. 86443,2006-Ohio-6575, ¶ 43. The statutory provisions in Am. Sub. H.B. 137 were meant to supersede Hernandez. Id.
 {¶ 11} The purpose in enacting R.C. 2929.191 and the amendment of other sections of the revised code by Am. Sub. H.B. 137, effective July 11, 2006, was "to reaffirm that, under the amended sections as they existed prior to the effective date of this act: (1) by operation of law and without any need for prior notification or warning, every convicted offender sentenced to a prison term [where post-release control is mandatory] always is subject to a period of post-release control after the offender's release from imprisonment pursuant to and for the period of time described in * * * the Revised Code; (2) by operation of law, every convicted offender sentenced to a prison term [where post-release control is optional] is subject to a period of post-release control after the offender's release from imprisonment * * * if the parole board determines in accordance with specified criteria that post-release control is necessary[.]" Section 5(A), Am. Sub. H.B. 137.
 {¶ 12} Appellant was convicted of felonious assault, a second-degree felony, and aggravated robbery, a first-degree felony. Pursuant to R.C.2967.28(B)(1), a conviction of a first-degree felony requires a mandatory five-year period of post-release control. At appellant's resentencing hearing, the trial court informed her that she would be subject to five years of mandatory post-release control. The sentencing entry also states that post-release control is mandatory for a maximum of five years.
 {¶ 13} Since appellant was notified at both the sentencing hearing and in the court's sentencing entry that she was subject to post-release control, the amendments of H.B. 137 do not impact appellant's sentence. The imposition of post-release control by the trial court *Page 4 
was proper under Hernandez and its progeny.[1] See Hernandez; Watkinsv. Collins, 111 Ohio St.3d 425, 2006-Ohio-5082.
 {¶ 14} Because the amendments of Am. Sub. H.B. 137 to the Revised Code are inapplicable to appellant, she does not have standing to challenge the constitutionality of those provisions. In order to have a right to challenge a statute on a constitutional basis, the person posing the challenge must, in fact, be adversely affected by that statute.Palazzi v. Estate of Gardner (1987), 32 Ohio St.3d 169; State v.Lordi, 149 Ohio App.3d 627, 2002-Ohio-5517. "[T]he constitutionality of a state statute may not be brought into question by one who is not within the class against whom the operation of the statute is alleged to have been unconstitutionally applied and who has not been injured by its alleged unconstitutional provision." Palazzi at syllabus. "Constitutional questions will not be decided until the necessity of a decision arises on the record before the court." Christensen v. Bd. ofCommrs. on Greivances and Discipline (1991), 61 Ohio St.3d 534, 535.
 {¶ 15} Because the trial court properly informed appellant that she would be subject to post-release control and included this information in the sentencing entry, the amendments to the statute have no application to the facts of appellant's case. Accordingly, she does not have standing to challenge the constitutionality of the statute. Appellant's first assignment of error is overruled.
 {¶ 16} In her second assignment of error, appellant argues that the court erred in imposing a non-minimum sentence. She argues that post-Foster, she is entitled to a "presumptive minimum" sentence and the imposition of more than a minimum sentence violates the Ex Post Facto and Due Process Clauses of the United States Constitution.
 {¶ 17} However, as appellant acknowledges, this court has previously rejected similar *Page 5 
claims regarding non-minimum sentences. State v. Sheets, Clermont App. No. CA2006-04-032, 2007-Ohio-1799; State v. Doyle, Brown App. No. CA2005-11-020, 2006-Ohio-5373. Accordingly, appellant's second assignment of error is overruled.
 {¶ 18} Judgment affirmed.
YOUNG, P.J., and BRESSLER, J., concur.
[1] In fact, appellant does not even argue that post-release control was improperly imposed by the trial court, but only that the revisions to the post-release control statute are unconstitutional. *Page 1