DECISION AND JUDGMENT ENTRY
{¶ 1} Michael L. Morris appeals his sentences in the Pickaway County Common Pleas Court. On appeal, Morris contends that the trial court violated the Due Process and Ex Post Facto Clauses of our State and Federal Constitutions when it re-sentenced him pursuant to State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Because we have previously resolved these issues, we disagree; and we also decline Morris's implied invitation to revisit our decision in State v. Grimes, Washington App. No. 06CA17, 2006-Ohio-6360. Morris next contends that H.B. 137 violates the separation of powers because the executive branch now has the authority to impose post-release control without a court order. Because Morris has waived this issue by not raising it in the trial court, and because Morris does not have standing to raise this issue, we do not address *Page 2 
it. Accordingly, we overrule Morris's two assignments of error and affirm the judgment of the trial court.
 I. {¶ 2} The trial court convicted Morris after a jury trial of burglary, attempted theft, breaking and entering, theft, vandalism, and failure to comply. The court imposed non-minimum, consecutive prison sentences. On appeal, this court affirmed the convictions but vacated his sentences based on comments the court made about Morris exercising his right to a jury trial. See State v. Morris, 159 Ohio App.3d 775, 2005-Ohio-962. On remand, the trial court again imposed non-minimum, consecutive sentences. He again appealed his sentences. We reversed based onFoster, supra. See State v. Morris, Pickaway App. No. 05CA30,2006-Ohio-3675. On the second remand, the court, after listening to Morris's due process and ex post facto arguments, considered the sentencing statutes according to Foster and again gave the same prison sentences that it gave earlier, including post-release control.
 {¶ 3} Morris appeals and asserts the following two assignments of error: I. "The trial court erred by imposing non-minimum, consecutive prison sentences." II. "The trial court erred by imposing post-release control."
 II. {¶ 4} In his first assignment of error, Morris contends that the trial court erred when it re-sentenced him to non-minimum, consecutive prison terms. He claims that the court violated the Due Process and Ex Post Facto Clauses of our State and Federal Constitutions. The crux of Morris's argument is that the sentencing statutes in effect at *Page 3 
the time he committed his offenses created a presumption in favor of minimum, concurrent sentences for offenders in his situation, and that the Foster decision retroactively increased the presumptive sentences. Morris admits in a footnote that we have already decided this issue inGrimes, supra, but apparently invites us to revisit our decision. InGrimes, we held that the Foster decision did not change the range of sentences.
 {¶ 5} In Foster the Ohio Supreme Court considered the constitutionality of Ohio's sentencing statutes in light of the United States Supreme Court's holdings in Blakely v. Washington (2004),542 U.S. 296 and Apprendi v. New Jersey (2000), 530 U.S. 466. The Court found that, under Blakely and Apprendi, R.C. 2929.14(B), R.C.2929.14(E)(4) and R.C. 2929.19(B)(2), as well as other sections of the Ohio Revised Code, violated the Sixth Amendment to the extent that they required judicial fact finding. Foster at paragraphs one through seven of the syllabus. In constructing a remedy, the Foster Court excised the provisions it found to offend the Constitution, granting trial court judges full discretion to impose sentences within the ranges prescribed by statute. Id. The Court then held that the cases before the Court "and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent" with the Court's opinion. Id. at ¶ 104. Consistent with the United States Supreme Court's holding inUnited States v. Booker (2005), 543 U.S. 220, the Foster Court only applied its holding retroactively to cases that were then pending on direct review or not yet final. Foster at ¶ 106. *Page 4 
 {¶ 6} In State v. Grimes, Washington App. No. 04CA17, 2006-Ohio-6360, this court considered and rejected a due process and ex post facto challenge to a sentence imposed in accordance with the Ohio Supreme Court's holding in Foster. There, we agreed with the observations of the Ninth and Second Districts, which rejected such challenges outright. In doing so, those courts expressed that it is unlikely that the Ohio Supreme Court would have directed lower level courts to violate the Constitution; and, in any event, the district courts of appeal are bound by Ohio Supreme Court directives. Id. at ¶ 8, citing State v.Hildreth, Lorain App. No. 06CA8879, 2006-Ohio-5058, at ¶ 10; State v.Durbin, Greene App. No. 2005-CA-134, 2006-Ohio-5125, at ¶¶ 41-42.
 {¶ 7} In finding that the Ohio Supreme Court's remedy inFoster does not violate the Due Process or Ex Post Facto Clauses of the United States Constitution, we also expressed our approval of the reasoning set forth by the Third District in State v. McGhee, Shelby App. No. 17-06-05, 2006-Ohio-5162. Grimes at ¶ 9, citing with approvalMcGhee at ¶¶ 11 13-20. Because the range of prison terms for the defendant's offense remained the same both before and afterFoster, we concluded that "it is difficult to understand how appellant could maintain that an enlargement of the criminal statute occurred, generally, or available punishments, in particular." Id at ¶ 10. Further, we noted that the appellant did not attempt to explain how he would have acted differently had he known that the Ohio Supreme Court would strike down parts of R.C. 2929.14. Id. Accordingly, we found that the court did not err in imposing the maximum sentence for the offense. Id. at ¶ 11. *Page 5 
 {¶ 8} Based upon our holding in Grimes, we find that the trial court did not err in imposing non-minimum, consecutive sentences for Morris's offenses. We do not accept Morris's invitation to revisit these issues.
 {¶ 9} Accordingly, we overrule Morris's first assignment of error.
 III. {¶ 10} In his second assignment of error, Morris contends that H.B. 137 violates the separation of powers because the executive branch of government now has the authority to impose post-release control without a court order. We do not address this issue for two reasons.
 {¶ 11} First, we find that Morris has waived this argument. He raised the due process and ex post facto arguments in the trial court. However, he did not raise the separation of powers argument. He now raises it for the first time on appeal. However, a reviewing court should not review constitutional claims for the first time on appeal. See, e.g., Logan v.McKinney (Aug. 23, 1996), Hocking App. No. 95CA12; State v. Shepherd(Nov. 2, 1995), Scioto App. No. 94CA2322.
 {¶ 12} In addition, we find that Morris does not have standing to make this argument. Our colleagues in the Twelfth District Court of Appeals have addressed this same issue in State v. Rogers, Fayette App. No. CA2006-09-036, 2007-Ohio-3720 and State v. Calhoun, Butler App. No. CA2006-08-190, 2007-Ohio-3612. The Rogers and Calhoun courts found that when the judicial branch actually imposes the post-release control, instead of the executive branch, a defendant does not have standing to challenge the constitutionality of the provisions of the statutes affected by H.B. 137. *Page 6 
 {¶ 13} Here, Morris received notice of the imposition of the post-release control from the trial court. Therefore, he does not have standing to challenge the constitutionality of the statutes affected by H.B. 137.
 {¶ 14} Accordingly, we overrule Morris's second assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 7 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellant pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 McFarland, P.J. and Abele, J.: Concur in Judgment and Opinion.
 *Page 1