DECISION AND JUDGMENT ENTRY
{¶ 1} Ronald Clark appeals his convictions and sentences for three counts of unlawful sexual conduct with a minor from the Athens County Common Pleas Court. On appeal, Clark contends that the trial court abused its discretion when it denied, without an adequate hearing, his request to discharge his attorney and retain new counsel. Because Clark, inter alia, waited until the morning of his jury trial to make his request, we disagree. Clark next contends that the court abused its discretion when it failed to order a competency evaluation. Because we find that the evidence of Clark ranting and raving is insufficient to order the evaluation, we disagree. Clark next contends that his non-minimum sentence violates the Due Process Clause of the United States Constitution. Because we have addressed this issue in the past, we disagree. *Page 2 
Finally, Clark contends that H.B. 137 violates the separation of powers because the executive branch now has the authority to impose post-release control without a court order. Because Clark has waived this issue by not raising it in the trial court, and because he does not have standing to raise this issue, we do not address it. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} The Athens County Grand Jury indicted Clark for three counts of unlawful sexual conduct with a minor. Clark entered not guilty pleas and eventually his cases were set for a jury trial. Clark fired his first retained attorney. Two days before his scheduled jury trial, Clark's second retained attorney filed a motion for a competency evaluation. The court continued the jury trial so that it could hold a competency hearing.
 {¶ 3} At the hearing, the court considered the affidavits of two witnesses and a statement by Clark's counsel. All three indicated that Clark recently ranted and raved about his case and thought that everyone was out to get him. The court gave Clark time to respond to the two witnesses and his attorney. Clark agreed with the witnesses and his attorney. The court denied Clark's request for a competency evaluation.
 {¶ 4} On the morning of Clark's jury trial, Clark asked the court to discharge his second attorney and grant him a continuance so that he could hire a third attorney for the trial. Clark explained on the record his reasons for the request. The court denied Clark's request.
 {¶ 5} The jury found Clark guilty of all three counts of unlawful sexual conduct with a minor. The court sentenced Clark to a non-minimum prison term. *Page 3 
 {¶ 6} Clark appeals and asserts the following four assignments of error: I. "The trial court erred by denying Mr. Clark's request to discharge his attorney and to retain new counsel without an adequate hearing." II. "The trial court abused its discretion by not referring Mr. Clark for a competency evaluation." III. "The trial court erred by imposing a non-minimum prison term in violation of the Due Process Clause of the Fourteenth Amendment [to the] United States Constitution." And, IV. "The trial court erred by imposing post-release control."
 II. {¶ 7} Clark contends in his first assignment of error that the trial court erred in denying his request for a continuance to enable him to retain other private counsel. Clark asserts that the court failed to conduct an adequate hearing to investigate his complaint against his current counsel, i.e., his counsel did not, inter alia, present alibi witnesses.
 {¶ 8} The trial court has discretion to grant or deny a request for a continuance. State v. Unger (1981), 67 Ohio St.2d 65, syllabus. Likewise, it has the same discretion to grant or deny a substitution of counsel. "An abuse of discretion connotes more than an error of judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. In applying the abuse of discretion standard of review, we are not free to merely substitute our judgment for that of the trial court. In re Jane Doe I (1991), 57 Ohio St.3d 135, 137-138, citingBerk v. Matthews (1990), 53 Ohio St.3d 161, 169. *Page 4 
 {¶ 9} "In evaluating a motion for a continuance, a court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case."Unger, supra, at 67-68.
 {¶ 10} Here, the trial court did not abuse its discretion when it refused to continue the trial. First, Clark did not ask for a specific amount of time to obtain other counsel. However, even if he obtained different counsel right away, it would take his counsel at least a week or two to familiarize himself with the case. Second, Clark filed a motion for a competency evaluation two days before his first scheduled jury trial. The court granted his request for a hearing and continued the jury trial. So, the court already continued the trial once. Third, Clark waited until the morning of his second scheduled jury trial to request the continuance. The jurors, witnesses, opposing counsel, and the court were present and ready to proceed.
 {¶ 11} Fourth, the court by implication determined that the requested delay was not for a legitimate reason. Clark told the court that he was not receiving adequate representation. However, the court informed Clark that "[w]e've been through this once before. You terminated the services of another attorney, if you recall that. And now you have [an attorney] who, despite what you think, has vigorously represented you." *Page 5 
 {¶ 12} Fifth, the record shows that Clark contributed to the circumstance that gave rise to his request for a continuance. Part of what Clark said shows that he does not understand the law. For example, he said, "I never had a preliminary hearing. That's a dismissal right there. My indictments wasn't (sic) certified. That's a dismissal. The Bill of Particulars ain't certified. That a dismissal straight out of the law book." Clark was not willing to listen to his attorney. Clark wanted his attorney to do the impossible and get the case dismissed. Thus, Clark's attitude contributed to any conflict he had with his attorney. In addition, a third attorney could not get the case dismissed if he pursued Clark's reasoning as outlined above.
 {¶ 13} Clark relies on State v. Deal (1969), 17 Ohio St.2d 17 to support his claim that the trial court failed to conduct an adequate hearing regarding his complaint about his retained counsel. "However,Deal and its progeny only impose a duty upon a trial court to inquire on the record about complaints a defendant has raised regarding hisappointed counsel[,]" not retained counsel. (Cites omitted.) State v.Downing, Greene App. No. 01-CA-78, 2002-Ohio-1302. See, also, State v.King (1995), 104 Ohio App.3d 434, 437; State v. Bowshier, Clark App. No. 06-CA-41, 2007-Ohio-5364, ¶ 54. Moreover, the trial court patiently listened to Clark before and after the jury selection to explain the problems he had with his counsel as indicated by several exchanges between the court and Clark regarding Clark's counsel.
 {¶ 14} Therefore, based on these circumstances, we find that the trial court did not abuse its discretion in denying Clark's request to continue the trial to substitute retained counsel. *Page 6 
 {¶ 15} Clark further contends that the court should have at least allowed him to substitute counsel without a continuance. Clark does not cite to a single authority that would allow the court to make such a decision. Further, we can find no authority that would permit a trial court to allow newly retained counsel, without any knowledge of the case, to proceed.
 {¶ 16} Accordingly, we overrule Clark's first assignment of error.
 III. {¶ 17} Clark contends in his second assignment of error that the trial court erred when it denied his request for a competency evaluation. Our review is for abuse of discretion. See, e.g., State v. Smith, Montgomery App. No. 21-58, 2006-Ohio-2365, ¶ 21.
 {¶ 18} "It has long been recognized that `a person [who] lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial. (Cites omitted)." State v. Thomas,97 Ohio St.3d 309, 2002-Ohio-6624, ¶ 36. "Fundamental principles of due process require that a criminal defendant who is legally incompetent may not be tried. (Cite omitted.)" Id.
 {¶ 19} All defendants are presumed competent to stand trial. State v.Bomar, Scioto App. No. 00CA2703, 2000-Ohio-1974, citing R.C. 2945.37(G). See, also, State v. McGrath, Meigs App. No. 02CA7, 2003-Ohio-1811, ¶ 11. "In order to rebut this presumption, the defendant must request a competency hearing and at a subsequent hearing, a preponderance of the evidence must show that the defendant, as a result of *Page 7 
his present mental condition, is not capable of understanding the proceedings and is unable to assist in his defense." Smith, supra, at ¶ 21; R.C. 2945.37(G). A court has discretion to order a competency evaluation. R.C. 2945.371(A).
 {¶ 20} Here, the hearing occurred before trial. At the hearing, the evidence showed only that Clark ranted and raved on at least two occasions. The fact that Clark ranted and raved outside the courtroom in front of two witnesses and over the phone with his counsel, by itself, is simply not enough evidence to require a competency evaluation. Clark failed to affirmatively demonstrate that he could not assist in his own defense.
 {¶ 21} In addition, the pre-trial record fails to indicate that Clark had difficulty understanding the proceedings or that he was incapable of assisting his counsel in his defense. For example, Clark explained to the court why he fired his first attorney and later why he wanted to fire his second attorney. His explanations showed that, even though he held incorrect legal ideas, he was familiar with court procedure. For example, he knew about discovery and alibi witnesses. During these pre-trial hearings, the court asked Clark other questions. Clark meaningfully responded to each question.
 {¶ 22} Therefore, based on this evidence, we find that the trial court did not abuse its discretion when it refused to refer Clark for a competency evaluation.
 {¶ 23} Accordingly, we overrule Clark's second assignment of error.
 IV. {¶ 24} Clark contends in his third assignment of error that the trial court erred by imposing a non-minimum sentence. He maintains that the sentence violates the Due Process Clause of the United States Constitution. Specifically, he claims that the *Page 8 
Supreme Court of Ohio's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, which followed the reasoning in Blakely v.Washington (2004), 542 U.S. 296, deprived him of a statutory liberty interest when it removes procedural safeguards in a statute.
 {¶ 25} Clark did not raise his due process argument in the trial court. He received his sentence after Blakely, supra, was decided on June 24, 2004. Thus, he has forfeited all but plain error. State v.Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 31 ("we hold that a lack of an objection in the trial court forfeits the Blakely issue for purposes of appeal when the sentencing occurred after the announcement ofBlakely.").
 {¶ 26} Pursuant to Crim.R. 52(B), we may notice plain errors or defects affecting substantial rights, although a defendant did not bring them to the attention of the court. The Supreme Court of Ohio has found that "[b]y its very terms, the rule places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial." State v. Barnes (2002), 94 Ohio St.3d 21,27, 2002-Ohio-68. See Payne, supra. First, an error must exist. Id., citing State v. Hill (2001), 92 Ohio St.3d 191, 200, citing UnitedStates v. Olano (1993), 507 U.S. 725, 732 (interpreting Crim.R. 52[B]'s identical federal counterpart, Fed.R.Crim.P. 52[b]). Second, the error must be plain, obvious, or clear. Id. (Citations omitted.) Third, the error must affect "substantial rights," which the court has interpreted to mean "but for the error, the outcome of the trial clearly would have been otherwise." Id. citing Hill at 205; State v. Moreland (1990),50 Ohio St.3d 58, 62; State v. Long (1978), 53 Ohio St.2d 91, paragraph two of the syllabus. *Page 9 
 {¶ 27} "The burden of demonstrating plain error is on the party asserting it. (Cite omitted.) A reversal is warranted if the party can prove that the outcome `would have been different absent the error.'" (Cite omitted.) Payne at ¶ 17. A reviewing court should use its discretion under Crim.R. 52(B) to notice plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Long, supra, at paragraph three of the syllabus.
 {¶ 28} In State v. Grimes, Washington App. No. 06CA17, 2006-Ohio-6360, this court considered and rejected a due process challenge to a sentence imposed in accordance with the Supreme Court of Ohio's holding inFoster. There, we agreed with the observations of the Ninth and Second Districts, which rejected such challenges outright. In doing so, those courts expressed that it is unlikely that the Supreme Court of Ohio would have directed lower level courts to violate the Constitution; and, in any event, the appellate courts are bound by directives of the Supreme Court of Ohio. Id. at ¶ 8, citing State v. Hildreth, Lorain App. No. 06CA8879, 2006-Ohio-5058, at ¶ 10; State v. Durbin, Greene App. No. 2005-CA-134, 2006-Ohio-5125, at ¶¶ 41-42.
 {¶ 29} In finding that the Supreme Court of Ohio's remedy inFoster does not violate the Due Process Clause of the United States Constitution, we also expressed our approval of the reasoning set forth by the Third District in State v. McGhee, Shelby App. No. 17-06-05,2006-Ohio-5162. Grimes at ¶ 9, citing with approval McGhee at ¶¶ 11 
13-20. Because the range of prison terms for the defendant's offense remained the same both before and after Foster, we concluded, "it is difficult to understand how appellant could maintain that an enlargement of the criminal statute occurred, generally, *Page 10 
or available punishments, in particular." Id. at ¶ 10. Further, we noted that the appellant did not attempt to explain how he would have acted differently had he known that the Supreme Court of Ohio would strike down parts of R.C. 2929.14. Id. Accordingly, we found that the court did not err in imposing the maximum sentence for the offense. Id. at ¶ 11.
 {¶ 30} Based upon our holding in Grimes (and numerous decisions following Grimes), we find that the trial court did not err in imposing non-minimum sentences for Clark's offenses. See, also, State v.Miller, Auglaize App. No. 2-07-02, 2007-Ohio-4744 (Foster does not violate the Due Process Clause of the United States Constitution). We do not accept Clark's implied invitation to revisit these issues. Therefore, we do not find any error, let alone plain error.
 {¶ 31} Accordingly, we overrule Clark's third assignment of error.
 V. {¶ 32} Clark contends in his fourth assignment of error that H.B. 137 violates the separation of powers because the executive branch of government now has the authority to impose post-release control without a court order. We do not address this issue for two reasons.
 {¶ 33} First, we find that Clark has waived this argument. He did not raise the separation of powers argument in the trial court. He now raises it for the first time on appeal. However, a reviewing court should not review constitutional claims for the first time on appeal. See, e.g., Logan v. McKinney (Aug. 23, 1996), Hocking App. No. 95CA12;State v. Shepherd (Nov. 2, 1995), Scioto App. No. 94CA2322. *Page 11 
 {¶ 34} In addition, we find that Clark does not have standing to make this argument. Our colleagues in the Twelfth District Court of Appeals have addressed this same issue in State v. Rogers, Fayette App. No. CA2006-09-036, 2007-Ohio-3720 and State v. Calhoun, Butler App. No. CA2006-08-190, 2007-Ohio-3612. The Rogers and Calhoun courts found that when the judicial branch actually imposes the post-release control, instead of the executive branch, a defendant does not have standing to challenge the constitutionality of the provisions of the statutes affected by H.B. 137. See, also, State v. Morris, Pickaway App. No. 06CA28, 2007-Ohio-5291.
 {¶ 35} Here, Clark received notice of the imposition of the optional post-release control from the trial court. Therefore, he does not have standing to challenge the constitutionality of the statutes affected by H.B. 137.
 {¶ 36} Accordingly, we overrule Clark's fourth assignment of error and affirm the judgment of the trial court. *Page 12 
 JUDGMENT AFFIRMED.