DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Pike County Common Pleas Court judgment of conviction and sentence. Anthony W. Stephens, defendant below and appellant herein, pled guilty to three counts of illegal use of a minor in nudity oriented material in violation of R.C. 2907.323(A)(3).
 {¶ 2} Appellant assigns the following errors for review:
 FIRST ASSIGNMENT OF ERROR:
 "DOES OHIO'S ADAM WALSH ACT VIOLATE THE RETROACTIVE CLAUSE OF THE OHIO CONSTITUTION?" *Page 2 
 SECOND ASSIGNMENT OF ERROR:
 "DOES OHIO['S] ADAM WALSH ACT VIOLATE THE EX POST FACTO CLAUSE OF THE OHIO AND UNITED STATES CONSTITUTION?"
 {¶ 3} On November 20, 2006, appellant's home was broken into and a safe was stolen. The contents of that safe included, among other things, checks, a passport and some CDs that, as appellant later admitted, contained some "very bad images of youthful follies" (i.e. child pornography). A month later, Pike County Sheriff's Detectives Spradlin and Tacket investigated another matter when they discovered the stolen safe. Detective Spradlin noted that it had been pried open and, when he inventoried the contents, noted computer discs with covers depicting "juveniles engaging in sexual activity."
 {¶ 4} The authorities notified appellant that his safe had been located and requested that he come in for questioning. Once there, appellant admitted that the child pornography belonged to him and consented to search his home. Subsequently, more child pornography was found.
 {¶ 5} The Pike County Grand Jury returned an indictment charging appellant with thirty-eight (38) counts of illegal use of a minor in nudity-oriented material, thirty-eight (38) counts of pandering sexually oriented matter involving a minor, and six (6) counts of tampering with evidence.[1] Appellant pled not guilty to all charges, but later agreed to plead guilty to the first three counts of the indictment in exchange for the *Page 3 
dismissal of the other counts and the State's recommendation that he receive three years community control. The trial court accepted his change of plea and found him guilty. The court sentenced him to the agreed upon three years community control and dismissed the remaining counts of the indictment. The court also adjudicated him a "tier 1 — sex offender." This appeal followed.
 {¶ 6} We jointly consider both assignments of error because they can be resolved on the same grounds. Appellant asserts that Ohio's Adam Walsh Act (under which he was deemed a tier 1 sexual offender) is unconstitutional as violative of the Ohio Constitution's ban on retroactive legislation and the Ohio and federal constitutional bans on ex post facto laws. We reject these arguments.
 {¶ 7} First, we will not consider constitutional arguments that are raised for the first time on appeal. State v. Clark, Athens App. No. 07CA9, 2007-Ohio-6621, at ¶ 33; State v. Haught, Pickaway App. No. 06CA30, 2007-Ohio-5736, at ¶ 18, fn. 5; State v. Morris, Pickaway App. No. 06CA28, 2007-Ohio-5291, at ¶ 11. Appellant has the burden to show that he raised these issues during the trial court proceeding. Appellant, however, has not submitted a sentencing hearing transcript and we must presume that he did not raise the argument. State v.Shepherd (Nov. 2, 1995), Scioto App. No. 94CA2322. Thus, these issues have been thus waived and cannot be raised at this late date.
 {¶ 8} Second, even if the constitutional arguments were raised and preserved at the trial level, we would nevertheless not be inclined to find the Adam Walsh Child *Page 4 
Protection and Safety Act (Am. Sub. S.B. 10, 2007 Ohio Laws, File No. 10) unconstitutional. Various other Ohio appellate districts have considered whether the new sex offender classification scheme violates the retroactivity clause of the Ohio Constitution and ex post facto clauses of the Ohio and United States Constitutions and have concluded that it does not. See State v. Bodyke, Huron App. Nos. H-07-40, H-07-41 
H-07-42, 2008-Ohio-6387; State v. Williams, Warren App. No. CA2008-2-29,2008-Ohio-6195; State v. Byers, Columbiana App. No. 07CO39, 2008-Ohio-5051; In re G.E.S., Summit App. No. 24079, 2008-Ohio-4076. If this issue was properly before us, we would be inclined to take the same position.
 {¶ 9} For these reasons, we hereby overrule appellant's two assignments of
error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal. *Page 5 
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, P.J. McFarland, J.: Concur in Judgment Opinion
[1] The tampering with evidence charges apparently related to appellant's erasing of other pornographic images of children once he became aware that police had discovered the material in his safe. *Page 1