[Cite as *State v. Grimm*, 2011-Ohio-4903.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 :        Case No.   10CA36

    vs.                                 :

DONALD P. GRIMM,                        :        DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:      Bryan M. Griffith, The Law Office of Bryan M. Griffith,
L.L.C., 7003 Post Road Suite 4C-1, Dublin Ohio
43016-8359

COUNSEL FOR APPELLEE:       James E. Schneider, Washington County Prosecuting
Attorney, and Alison L. Cauthorn, Washington County
Assistant Prosecuting Attorney, 205 Putnam Street,
Marietta, Ohio 45631

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 9-19-11

ABELE, J.

{¶ 1}   This is an appeal from a Washington County Common Pleas Court judgment of

conviction and sentence.   Donald P. Grimm, defendant below and appellant herein, pled guilty

to (1) two counts of rape in violation of R.C. 2907.02(A)(1); and (2) three counts of gross sexual

imposition in violation of R.C. 2907.05(A)(4).   Appellant assigns the following errors for

review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY ACCEPTING
DEFENDANT'S GUILTY PLEA AFTER MISINFORMING
DEFENDANT A PRISON TERM WAS MANDATORY FOR
COUNTS 2, 3, AND 5 OF THE BILL OF INFORMATION."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY SENTENCING THE
DEFENDANT CONTRARY TO LAW."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION BY
SENTENCING THE DEFENDANT TO THE MAXIMUM
SENTENCE CONTRARY TO LAW AND IN VIOLATION OF
THE OHIO CONSTITUTION AND THE EIGHTH
AMENDMENT TO THE UNITED STATES CONSTITUTION."

FOURTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY INDICATING APPELLANT
WAS CONVICTED OF SEXUAL BATTERY."

{¶ 2} In August 2010, the Washington County Sheriff's office began to investigate allegations that appellant had engaged in sexual contact with two girls under the age of thirteen. Although he initially "denied that he had ever touched either of the girls," appellant later confessed to numerous sexual contacts with them.

{¶ 3} A Bill of Information was filed on August 26, 2010 and the matter came on for hearing approximately two weeks later. Appellant pled guilty to the aforementioned charges in exchange for dismissal of other pending cases. Appellant also answered affirmatively when the trial court asked, for purposes of the rape charges, if his fingers had ever penetrated the victims' vaginas. The court accepted the pleas, found appellant guilty and sentenced him to serve ten

years in prison on each of the rape charges and five years on each of the gross sexual imposition counts, with all sentences to be served consecutively for an aggregate total of thirty-five years. This appeal followed.

I

{¶ 4}   We proceed, out of order, to appellant's third assignment of error wherein he argues that the trial court abused its discretion by imposing what is "functionally a life sentence." He contends this constitutes cruel and unusual punishment, banned by both the Eighth Amendment to the United States Constitution as well as the Ohio Constitution.   We, however, decline to address this portion of the assignment of error because it was not raised during the trial court proceedings and was therefore waived.

{¶ 5}   Generally speaking, constitutional arguments will not be considered for the first time on appeal. See State v. Stephens, Pike App. No. 08CA776, 2009-Ohio-750. at ¶7; State v. Clark, Athens App. No. 07CA9, 2007-Ohio-6621, at ¶ 33; State v. Haught, Pickaway App. No. 06CA30, 2007-Ohio-5736, at ¶ 18, fn. 5.   Here, the trial court informed appellant at the plea hearing that he could receive thirty-five years imprisonment.   Furthermore,   defense counsel even stated during the sentencing hearing that "the maximum we had talked about was 35 years." In short, our review of the record reveals that appellant was well aware of this possibility and should have raised the constitutional arguments at a time when they could have been squarely addressed.   He did not and we will not consider that argument now for the first time on appeal.

{¶ 6}   We also point out that appellant cites no authority from any jurisdiction to support his underlying premise that a life-sentence for the rape and sexual abuse of victims eleven and twelve years old is "cruel and unusual."   The Ohio Supreme Court has held that to be

determined cruel and unusual, for purposes of federal and state constitutional law, "the penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community." State v. Weitbrecht (1999), 86 Ohio St.3d 368, 371, 715 N.E.2d 167; McDougle v. Maxwell (1964), 1 Ohio St.2d 68, 70, 203 N.E.2d 334. In view of the magnitude of the offenses perpetrated in the case sub judice, it is highly unlikely that a life sentence for those offenses would shock any reasonable person's sense of justice.

{¶ 7} Appellant also claims that the thirty-five year sentence does not comply with Ohio law. He cites the overriding purposes of felony sentencing set forth in R.C. 2929.11, but does not articulate an argument as to why he believes the trial court failed to comply with those overriding purposes. Our response, therefore, is to point out that two of those purposes are to (1) "punish" the offender and (2) "protect the public" from future offenses. Id. at (A). Furthermore, a sentence imposed by a trial court should not demean the seriousness of an offense. Id. at (B).

{¶ 8} We believe that the public protection issue is particularly appropriate here. The offenses appellant perpetrated were not isolated or one time incidents. Rather, during the factual recitation at the plea hearing, it was revealed that one of the victims "had given [appellant] about 12 hand jobs . . . he had rubbed her breasts about 12 times, and that he had touched her vaginal area about six times." Even one offense would merit harsh punishment, but the multiplicity at issue here demonstrates a need to protect the public.

{¶ 9} For all these reasons, we find no merit to appellant's third assignment of error and it is hereby overruled.

II

{¶ 10} Appellant's fourth assignment of error involves a mistake in the sentencing entry that was subsequently corrected through an amended entry. The first entry notes that appellant pled guilty to three counts of gross sexual imposition in violation of "Revised Code Section 2907.03(A)(4)." As appellant correctly points out, R.C. 2907.03 is the statute concerning sexual battery, not gross sexual imposition. However, the trial court did correctly define the offense as gross sexual imposition and, in any event, corrected the error in a subsequent amended journal entry. Here, appellant suffered no prejudice from this typographical mistake and, thus, we hereby overrule his assignment of error.

## III

{¶ 11} We now turn to appellant's first assignment of error that asserts that appellant's guilty pleas were unknowing and involuntary due to the trial court's erroneous information concerning the mandatory prison terms. In particular, appellant cites R.C. 2907.05(C)(2) which states in pertinent part:

> "Gross sexual imposition committed in violation of division (A)(4) or (B) of this section is a felony of the third degree. Except as otherwise provided in this division, for gross sexual imposition committed in violation of division (A)(4) or (B) of this section there is a presumption that a prison term shall be imposed for the offense. The court shall impose on an offender convicted of gross sexual imposition in violation of division (A)(4) or (B) of this section a mandatory prison term equal to one of the prison terms prescribed in section 2929.14 of the Revised Code for a felony of the third degree if either of the following applies:
>
> (a) <u>Evidence other than the testimony of the victim was admitted in the case</u> corroborating the violation;
>
> (b) The offender previously was convicted of or pleaded guilty to a violation of this section, rape, the former offense of felonious sexual penetration, or sexual battery, and the victim of the previous offense was less than thirteen years of age." (Emphasis added)

{¶ 12} Appellant has no prior convictions for this type of offense and, thus, a mandatory prison sentence must be based on subsection (C)(2)(a). Appellant contends that because his convictions for GSI were obtained through a plea, rather than a trial, no corroborating evidence was admitted. Thus, he posits, a prison sentence was presumed, but not mandatory, and the trial court gave him erroneous information. Because that information was erroneous, appellant concludes, his plea was unknowing and involuntary.

{¶ 13} In presenting the facts to the trial court at the August 26, 2010 plea hearing, the prosecutor recounted what transpired at appellant's interview at the Washington County Sheriff's office. As noted above, during that interview appellant admitted that he touched the girls' breast and vaginal areas on many occasions. When the prosecutor finished his statement, the trial court then engaged in the following colloquy with appellant:

> "THE COURT: Mr. Grimm, were you able to hear what the Prosecutor told me about what happened?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Is what he told me correct?
>
> THE DEFENDANT: Yes, ma'am."

{¶ 14} This exchange reveals that appellant's conviction was not based on the victims' allegations alone, but also on (1) his confession to authorities, and (2) his ratification of that confession during the plea hearing. This fact makes prison time mandatory for the GSI convictions. Appellant also advances other arguments under this assignment of error for why his plea was unknowing and involuntary, but those arguments rest on the underlying premise that the trial court erred by informing him that he faced mandatory prison time. Because we find no

merit to that claim, we need not address appellant's other arguments and we hereby overrule appellant's first assignment of error.

IV

{¶ 15} In his second assignment of error, appellant offers a number of arguments to the effect that his sentence is contrary to law.

{¶ 16} First, appellant argues that his conviction for GSI "may be" unconstitutional in light of the Ohio Supreme Court's ruling in State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006–Ohio–856. Specifically, he contends that the R.C. 2907.05(C)(2) factors that must be determined in order to make prison time mandatory are in the nature of "judicial fact-finding" of the sort struck down in Foster. Here again, however, appellant failed to raise this argument in the trial court and we will not consider it for the first time on appeal. See Stephens, supra at ¶7; Clark, supra at ¶ 33; Haught, supra at ¶18, fn. 5. Moreover, even if we did consider it we believe that his argument is without merit. Here, the trial court did not engage in any judicial fact-finding in violation of appellant's Sixth Amendment right to a jury trial. Instead, as we noted in our resolution of appellant's first assignment of error, the trial court simply accepted appellant's representation that the facts, as the prosecutor reported at the hearing were true. One of those facts was that he confessed to the crimes.

{¶ 17} Appellant also argues that the trial court erred by imposing these sentences without making the requisite findings required by R.C. 2929.14(B)&(C). He concedes, however, that this argument "may be inapplicable after Foster." We agree. The Ohio Supreme Court expressly found R.C. 2929.14(B)&(C) were unconstitutional. Foster, supra at ¶¶56-65 & 83. A trial court can hardly err by refraining from engaging in unconstitutional fact-finding.

Nevertheless, appellant contends that the trial court should have engaged in that analysis because his "sentence was more severe than the legislature intended."   We reject this argument for two reasons.   First, appellant cites nothing to indicate what the legislature would have thought was an adequate punishment for someone who rapes and serially molests an eleven and a twelve year old girl.   Second, in light of the facts and circumstances of this particular case, we again are not persuaded that an aggregate thirty-five year sentence is overly severe.

{¶ 18}  Appellate review of a trial court's sentence involves a two step process.   State v. Kalish, 120 Ohio St.3d 23, 896 N.E.2d 124, 2008-Ohio-4912, at ¶4.   The first step requires us to ascertain if the trial court complied with all applicable statues and rules. Id.   If it did, the next step is to determine whether the court abused its discretion in imposing those sentences. Id.

{¶ 19}  In the case at bar, we found no statutory violations in the sentences the trial court imposed.   Therefore, we turn our attention to the question of whether the sentences constitute an abuse of discretion.   Generally, an "abuse of discretion" requires more than just showing an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. State   v. Herring, 94 Ohio St.3d 246, 255, 762 N.E.2d 940, 2002-Ohio-796; State   v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.   In reviewing for an abuse of discretion, appellate courts must not substitute their judgment for that of the trial court. State ex rel. Duncan v. Chippewa Twp. Trustees, 73 Ohio St.3d 728, 732, 654 N.E.2d 1254, 1995-Ohio-272; In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181.

{¶ 20}  As we discuss above, appellant's crimes involved two separate children, ages eleven and twelve at the time of the offenses.   Although appellant was convicted of only two counts of rape and three counts of GSI, he also admitted to dozens of instances of sexual contact

with these girls.   We simply cannot conclude that an aggregate sentence of thirty-five years was

arbitrary, unreasonable or unconscionable.   Thus, we hereby overrule appellant's second

assignment of error.

{¶ 21}  Having considered all the errors assigned and argued, we hereby affirm the trial

court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Kline, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.