OPINION
{¶ 1} Appellant, Christopher Rogers, appeals the sentencing decision of the Fayette County Court of Common Pleas after he was convicted of aggravated murder and tampering with evidence.
 {¶ 2} In 2004, a jury convicted appellant of aggravated murder and tampering with evidence for his role in the death of Nathan Soward. The trial court sentenced appellant to life in prison, with the possibility of parole in 20 years, for the aggravated murder conviction *Page 2 
and five years in prison for tampering with evidence. The court ordered the sentences to run consecutively and also ordered appellant to pay a $10,000 fine.
 {¶ 3} Appellant appealed both his conviction and sentence. This court affirmed appellant's conviction, but vacated his sentence and remanded the case for resentencing on the basis that the trial court failed to notify appellant about postrelease control at the sentencing hearing and failed to incorporate postrelease control into the judgment entry.State v. Rogers, Fayette App. No. CA2004-06-014, 2005-Ohio-6693;State v. Bezak, 114 Ohio St.3d, 94, 2007-Ohio-3250.
 {¶ 4} On remand, the trial court held a sentencing hearing, and imposed a sentence of life in prison with the possibility of parole after 20 years for aggravated murder, and a consecutive three-year sentence for tampering with evidence. The court imposed fines, but suspended those fines on a finding that appellant was indigent
 {¶ 5} Appellant now appeals the trial court's decision on resentencing and raises the following two assignments of error for our review
 {¶ 6} "THE TRIAL COURT ERRED BY IMPOSING POSTRELEASE CONTROL.
 {¶ 7} "THE TRIAL COURT ERRED BY IMPOSING NON-MINIMUM, CONSECUTIVE PRISON SENTENCES."
 {¶ 8} In his first assignment of error, appellant challenges the trial court's imposition of postrelease control on the basis that recent additions and amendments to the statute are unconstitutional. Appellant argues that amendments to the Revised Code through Am. Sub. H.B. 137, which authorize the executive branch to impose postrelease control without a court order, are unconstitutional as they violate the separation of powers doctrine.
 {¶ 9} In Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, the Ohio Supreme Court held that the Adult Parole Authority is precluded from imposing postrelease control unless the trial court includes postrelease control as part of its sentence. The effect of the *Page 3 
recent revisions and additions to the Revised Code by Am. Sub. H.B. 137 is that an offender is now permitted to be placed on postrelease control even if the trial court fails to include a provision for postrelease control in the sentencing entry. State v. Fitzgerald, Cuyahoga App. No. 86443, 2006-Ohio-6575, ¶ 43. The statutory provisions in Am. Sub. H.B. 137 were meant to supersede Hernandez. Id.
 {¶ 10} The purpose in enacting R.C. 2929.191 and the amendment of other sections of the revised code by Am. Sub. H.B. 137, effective July 11, 2006, was "to reaffirm that, under the amended sections as they existed prior to the effective date of this act: (1) by operation of law and without any need for prior notification or warning, every convicted offender sentenced to a prison term [where postrelease control is mandatory] always is subject to a period of postrelease control after the offender's release from imprisonment pursuant to and for the period of time described in * * * the Revised Code; (2) by operation of law, every convicted offender sentenced to a prison term [where postrelease control is optional] is subject to a period of postrelease control after the offender's release from imprisonment * * * if the parole board determines in accordance with specified criteria that postrelease control is necessary[.]" Section 5(A), Am. Sub. H.B. 137.
 {¶ 11} With regard to the imposition of postrelease control, appellant was convicted of tampering with evidence, a third-degree felony. Pursuant to R.C. 2967.28(C), a conviction of a third-degree felony requires imposition of a period of postrelease control for up to three years if the parole board determines postrelease control is necessary for the offender. At appellant's resentencing hearing, the trial court informed him that he could be subject to postrelease control and discussed the consequences of a violation. The sentencing entry states that appellant is subject to a period of postrelease control and again discusses the consequences of a violation.
 {¶ 12} Since appellant was notified at both the sentencing hearing and in the court's *Page 4 
sentencing entry that he was subject to postrelease control, the amendments of H.B. 137 do not impact appellant's sentence. The imposition of postrelease control by the trial court was proper underHernandez and its progeny.[1] See Hernandez; Watkins v. Collins,111 Ohio St.3d 425, 2006-Ohio-5082.
 {¶ 13} Because the amendments of Am. Sub. H.B. 137 to the Revised Code are inapplicable to appellant, he does not have standing to challenge the constitutionality of those provisions. In order to have a right to challenge a statute on a constitutional basis, the person posing the challenge must, in fact, be adversely affected by that statute.Palazzi v. Estate of Gardner (1987), 32 Ohio St.3d 169; State v.Lordi, 149 Ohio App.3d 627, 2002-Ohio-5517. "[T]he constitutionality of a state statute may not be brought into question by one who is not within the class against whom the operation of the statute is alleged to have been unconstitutionally applied and who has not been injured by its alleged unconstitutional provision." Palazzi at syllabus. "Constitutional questions will not be decided until the necessity of a decision arises on the record before the court." Christensen v. Bd. ofCommrs. on Grievances and Discipline (1991), 61 Ohio St.3d 534, 535.
 {¶ 14} Because the trial court properly informed appellant that he would be subject to postrelease control and included this information in the sentencing entry, the amendments to the statute have no application to the facts of appellant's case. Accordingly, he does not have standing to challenge the constitutionality of the statute.
 {¶ 15} However, we note that in the sentencing entry, the trial court stated that appellant is subject to a mandatory five-year period of postrelease control. As discussed above, tampering with evidence is a third-degree felony, which subjects an offender to a discretionary period of up to three years of postrelease control. R.C. 2967.28(C). The *Page 5 
parties have entered into a "Stipulation Regarding Sentence" in this case, stating that, if this court rejects appellant's constitutional challenge, according to R.C. 2967.28, appellant would be subject to a three-year discretionary period of postrelease control. Therefore, this court hereby modifies appellant's sentence to reflect that appellant is subject to a discretionary period of up to three years of postrelease control. Appellant's first assignment of error is overruled and his sentence is modified to reflect the proper period of postrelease control.
 {¶ 16} In his second assignment of error, appellant argues that the court erred in imposing a nonminimum sentence. He argues that after the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, he is entitled to a "presumptive minimum" sentence and the imposition of more than a minimum sentence violates the Ex Post Facto and Due Process Clauses of the United States Constitution.
 {¶ 17} However, as appellant acknowledges, this court has previously rejected similar claims regarding nonminimum sentences. State v.Sheets, Clermont App. No. CA2006-04-032, 2007-Ohio-1799; State v.Doyle, Brown App. No. CA2005-11-020, 2006-Ohio-5373. Accordingly, appellant's second assignment of error is overruled.
 {¶ 18} Judgment affirmed.
BRESSLER and WALSH, JJ., concur.
[1] In fact, appellant does not even argue that postrelease control was improperly imposed by the trial court, but only that the revisions to the postrelease control statute are unconstitutional. *Page 1