JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Danny Cooper, appeals his postrelease control sentence. After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} On November 16, 2000, appellant received a seven year sentence for grand theft of an automobile, a fourth degree felony; assault on a police officer, a fourth degree felony; failure to comply with an order of a police officer, a third degree felony; and attempted felonious assault, a third degree felony. The sentencing journal entry indicates that the trial judge informed appellant "of the possibility of up to five years of postrelease control."
 {¶ 3} The Ohio Department of Rehabilitation and Correction became concerned that the journal entry did not properly authorize the imposition of postrelease control. On June 13, 2007 (one day before appellant was to be released from prison), the trial court held a hearing conducted via video conference. An assistant public defender represented appellant. Appellant requested more time to retain private counsel, but the trial court denied his request. Appellant also objected to the use of a video conference.
 {¶ 4} After the hearing, the trial court entered a nunc pro tunc entry under R.C. 2929.191, which appropriately indicated that appellant was subject to up to three years of postrelease control (rather than the five years, as erroneously indicated in the original journal entry).
{¶ 5} Review and Analysis *Page 4 
 {¶ 6} Appellant brings this appeal, asserting seven assignments of error for our review. Because appellant's first and fourth assignments of error are substantially interrelated, we will address them together.
 {¶ 7} "I. The trial court's addition of postrelease control to Appellant's original sentence constituted a double jeopardy violation.
 {¶ 8} "IV. The trial court's imposition of postrelease control by video conference one day before appellant's release after serving a seven-year prison term violated his due process rights."
 {¶ 9} The crux of appellant's arguments within these assignments of error is that the trial court's imposition of three years of postrelease control on June 13, 2007, without a de novo resentencing hearing, constitutes a constitutional violation. For the reasons below, and based upon a totality of the circumstances, we find this argument to be without merit.
 {¶ 10} The Fifth Amendment of the United States Constitution, and Article I, Section 10 of the Ohio Constitution, protect defendants from being put in jeopardy twice for the same offense. The imposition of multiple criminal punishments for the same offense, arising out of the successive proceedings, is unconstitutional. Hudson v.United States (1997), 522 U.S. 93, 98-99, 118 S.Ct. 488, 139 L.Ed.2d 450.
 {¶ 11} The trial court resentenced appellant pursuant to R.C.2929.191. "R.C. 2929.191 authorizes the sentencing court — before the offender is released *Page 5 
from prison — to `prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be [subject to postrelease control] after the offender leaves prison.'" State ex rel. Cruzado v. Zaleski,111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, at ¶ 29.[1]
 {¶ 12} Postrelease control is a "period of supervision by the adult parole authority after a prisoner's release from imprisonment."Woods v. Telb, 89 Ohio St.3d 504, 509, 2000-Ohio-171, 733 N.E.2d 1103, quoting R.C. 2967.01(N). In State v. Jordan, 104 Ohio St.3d 21,2004-Ohio-6085, 817 N.E.2d 864, the Ohio Supreme Court held that a trial court must notify a defendant at the sentencing hearing about postrelease control and incorporate it into the journal entry.Jordan stated that any sentence imposed without this notification must be vacated and remanded for resentencing. Id.
 {¶ 13} As appellant correctly argues, when "postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense." State v. Bezak, 114 Ohio St.3d 94,2007-Ohio-3250, 868 N.E.2d 961, at syllabus. *Page 6 
Most recently, the Ohio Supreme Court has held that, "because a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing, any sentence imposed without such notification is contrary to law." State v. Simpkins, 117 Ohio St.3d 420,2008-Ohio-1197, 884 N.E.2d 568, at ¶ 15. In those cases, a de novo resentencing is required in order to "add" postrelease control.
 {¶ 14} The case before us, however, differs significantly from the cases where the defendant was not advised about postrelease control at the original sentencing hearing. Here, appellant was originally told he could be subjected to an incorrect length of postrelease control. "In correcting a statutorily incorrect sentence, [a trial court] does not violate a defendant's constitutional guarantee against double jeopardy."State v. Ramey, Franklin App. No. 06AP-245, 2006-Ohio-6429, at ¶ 16. Accordingly, the trial court had the authority to correct the original incorrect sentence, R.C. 2929.191 was inapplicable, and a de novo sentencing hearing was not required.
 {¶ 15} A review of the applicable case law supports this position. InState v. Simpson, Cuyahoga App. No. 88301, 2007-Ohio-4301, at ¶ 106, at the defendant's sentencing hearing, the trial judge informed him that "when you come out [of prison], you will come out on postrelease control, parole, for a period of up to 10 years." The journal entry read, "defendant notified of possibility of postrelease control of up to 10 years." Id. This court held that only five years of postrelease control was *Page 7 
appropriate and sua sponte modified Simpson's sentence to include five years of mandatory postrelease control. Id. at ¶ 111. See, also,State v. Leonard, Cuyahoga App. No. 88299, 2007-Ohio-3745 (this court modified Leonard's sentence when the trial court sentenced him to five years of postrelease control, rather than the appropriate three years).
 {¶ 16} The Simpson court found its case distinguishable fromBezak and Jordan because in Simpson, the defendant "was [originally] told that he would have to serve a longer term' than the five years actually required." Simpson, at ¶ 115, citing Cruzado, supra, at ¶ 26. The Simpson court stated that, because Simpson had some notice that he would be subjected to postrelease control, it was not necessary to conduct a new de novo sentencing hearing. Id.
 {¶ 17} Further, in State v. Rogers, 12th Dist. No. CA2006-09-036,2007-Ohio-3720, the court simply modified the defendant's sentence to include the appropriate discretionary three years of postrelease control after the trial court had erroneously originally imposed a mandatory five-year period.
 {¶ 18} Appellant's situation is similar to those in Simpson,Cruzado, and Rogers. He received some notice at his original hearing that he would be subject to postrelease control. Specifically, appellant was informed that he would receive up to five years postrelease control, when in fact the court should have imposed up to three years postrelease control. On June 13, 2007, the court properly corrected appellant's sentence to reflect that he would be subjected to up to three years *Page 8 
postrelease control. Accordingly, appellant's first and fourth assignments of error are overruled.
 {¶ 19} "II. The trial court's `after-the-fact' imposition of postrelease control violated R.C. 2929.14(F) and R.C. 2967.28."
 {¶ 20} Appellant argues that the trial court violated R.C. 2929.14(F) and 2967.28 when it imposed "after-the-fact" postrelease control. This argument is without merit.
 {¶ 21} In the case at bar, the trial court did not impose "after-the-fact" postrelease control. We are aware that this court has reversed such after-the-fact postrelease control additions. SeeState v. Fletcher, Cuyahoga App. No. 89458, 2008-Ohio-320; State v.Lemieux, Cuyahoga App. No. 89678, 2008-Ohio-1253. However,Fletcher and Lemieux involved situations where the trial court failed to mention postrelease control at all at the original sentencing. Here, appellant knew during the entire time he was in prison that he was subject to postrelease control. The trial judge originally sentenced appellant to "up to five years" of postrelease control. In June 2007, while appellant was still in prison, the trial judge informed him that the term would actually be "up to three years." Appellant was already on notice that he could receive postrelease control; therefore, this cannot be considered after-the-fact. Accordingly, appellant's second assignment of error is overruled.
 {¶ 22} "V. The trial court erred in adding postrelease control to appellant's original sentence as the addition was precluded by the doctrine of res judicata when *Page 9 
the state failed to appeal the omission of postrelease control from appellant's original sentence."
 {¶ 23} Appellant argues that the trial court erred when it added postrelease control to his sentence. More specifically, he alleges that res judicata prevents the trial court from "adding" postrelease control because "the state failed to appeal the omission of postrelease control from appellant's original sentence." As discussed above, postrelease control was not omitted from the original sentence; rather, the possible length of the term was simply incorrect. Accordingly, appellant's fifth assignment of error is overruled.
 {¶ 24} Appellant's first, second, fourth, and fifth assignments of error are dispositive of this case; therefore, assignments of error III, VI, and VII are moot.[2]
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. *Page 10 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and MELODY J. STEWART, J., CONCUR
 APPENDIX
Appellant's remaining assignments of error:
III. The trial court's imposition of postrelease control by video conference violated Crim.R. 43(A) and Appellant's due process right to be physically present at every stage of his criminal proceeding.
VI. Am. Sub. H.B. 137 violates the one subject provision of the Ohio constitution and is therefore unconstitutional.
VII. The Defendant was denied effective assistance of counsel.
[1] Under R.C. 2929.191(A)(2), "the court shall place upon the journal of the court an entry nunc pro tunc to record the correction to the judgment of conviction and shall provide a copy of the entry to the offender. *** The court's placement upon the journal of the entry nunc pro tunc before the offender is released from imprisonment under the term shall be considered, and shall have the same effect, as if the court at the time of original sentencing had included the statement in the sentence and the judgment of conviction entered on the journal and had notified the offender that the offender will be so supervised."
[2] Because we have held that the trial court had the authority to correct its statutorily incorrect sentence, and R.C. 2929.191 was inapplicable, these assignments of error are moot (See Assignments of Error III, VI, and VII in the Appendix to this Opinion). The third assignment of error pertains to the constitutionality of R.C. 2929.191; the sixth assignment of error pertains to the constitutionality of Am. Sub. H.B. 137; and the seventh assignment of error pertains to events that took place at appellant's R.C. 2929.191 hearing. *Page 1