JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Gregory Werber, appeals the trial court's acceptance of his guilty plea, his forfeiture of $6,080 used in drug trafficking, and the trial court's sentencing entry indicating that "post release control is mandatory for 3 years." We reverse and remand.
 {¶ 2} In October 2007, Werber and co-defendant Martin Baxter were charged with drug trafficking, in an amount equal to or exceeding 20,000 grams; possession of drugs, in an amount equal to or exceeding 20,000 grams; and possession of criminal tools.
 {¶ 3} Each of the counts contained four identical forfeiture specifications. Two of the specifications applied only to Werber; one specification applied only to Baxter; and one specification applied to both defendants. The two specifications pertaining to Werber alleged that he was the owner and/or possessor of $6,080 in U.S. currency and a laptop computer used or intended to be used for drug trafficking; the specification that applied only to Baxter alleged that he was the owner and/or possessor of $1,080 in U.S. currency used or intended to be used for drug trafficking; and the specification that applied to both defendants alleged that they owned and/or possessed cell phones used or intended to be used for drug trafficking.[1] *Page 4 
 {¶ 4} At a plea hearing, the indictment was amended and Werber and Baxter pled guilty to drug trafficking in an amount equal to or exceeding 5,000 grams but less than 20,000 grams, making the count a third degree felony. The other two counts of the indictment were nolled. As part of the plea agreement, Werber and Baxter agreed to a sentence of five years incarceration and to forfeit the items specified in the specifications. The court accepted Werber's plea, found him guilty, and sentenced him per the plea agreement.
 {¶ 5} Werber now appeals and asserts three assignments of error.
 {¶ 6} Werber first contends that his plea was not knowingly, voluntarily or intelligently made because the trial court failed to advise him of the effect of his plea; specifically, that he was forfeiting $6,080 as part of his plea agreement. He next argues that the trial court should have followed the statutory forfeiture procedures set forth in R.C. Chapter 2981.01 et seq. before ordering him to forfeit the money. Finally, he contends that the trial court erred in imposing three years of mandatory postrelease control.
 {¶ 7} The record reflects that at the plea hearing, the prosecutor reviewed the plea agreement. He stated that both defendants were offered the identical plea, in which the State agreed to reduce the drug trafficking count from a second degree felony with mandatory eight years in prison to a third degree felony with an agreed-upon sentence of five years incarceration. The prosecutor also stated, "[additionally, both defendants are [sic] agreed to forfeit the items *Page 5 
sought by the State of Ohio: $1,081 U.S. currency, a cell phone[,] actually several cell phones, $6,080 U.S. currency, a laptop computer and that is it."
 {¶ 8} Both Werber's and Baxter's counsel advised the court that this was indeed the plea agreement. Werber's counsel informed the court that Werber was "willing to accept this deal, this plea bargain agreement as set forth by the prosecutor's office" and that Werber was making his plea knowingly, voluntarily, and intelligently.
 {¶ 9} The trial court then inquired jointly of Werber and Baxter regarding their understanding of the plea and the rights they were waiving. When asked if he understood the nature of the charge, the possible penalties, and postrelease control, Werber answered affirmatively. The judge then took Werber's plea. After Werber pled guilty to the amended drug trafficking charge, the trial judge asked him if he understood he would be forfeiting, "$1,080, cell phones and a laptop, do you understand?" Werber answered affirmatively.
 {¶ 10} The judge then sentenced Baxter and Werber each to five years incarceration. She told them that postrelease control would be a mandatory three years. She did not mention the forfeiture of any items during sentencing, although the subsequent journal entry of sentencing ordered Werber to forfeit $6,080, cell phones and a laptop computer.
 {¶ 11} Under Crim. R. 11(C), a trial court may not accept a guilty plea from a criminal defendant in a felony case without first addressing the defendant *Page 6 
personally and informing him of the effect of the plea and determining that he understands the consequences of the guilty plea. The trial court must substantially comply with those requirements of Crim. R. 11 that do not involve the waiver of a constitutional right. State v. Ballard
(1981), 66 Ohio St.2d 473, 476. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v.Nero (1990), 56 Ohio St.3d 106, 108. "[I]f it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance." State v. Caplinger (1995), 105 Ohio App.3d 567, 572.
 {¶ 12} Here, the trial judge specifically told Werber that he would be forfeiting $1,080, not the $6,080 she subsequently ordered him to forfeit by journal entry. Because the trial court erroneously advised Werber about the consequences of his plea, we cannot find substantial compliance with Crim. R. 11(C) or that Werber understood the effect of his plea. In light of the trial court's erroneous advisement to Werber, the State's argument that Werber knew he would be forfeiting $6,080 because the indictment indicated the correct amount with respect to each defendant is not persuasive.
 {¶ 13} The trial court also erroneously advised Werber that he would be subject to mandatory postrelease control. Postrelease control is discretionary for third degree felonies that are not felony sex offenses, unless during the *Page 7 
commission of the offense, the defendant caused or threatened to cause physical harm to a person. R.C. 2967.28(B) and (C). Werber pled guilty to a third degree drug offense and there is no evidence of any actual or threatened physical harm during the commission of the offense. Accordingly, the Adult Parole Authority would have the discretion, but would not be required, to impose up to three years of postrelease control in this case.
 {¶ 14} If Werber's plea were valid, we would modify the sentencing entry to reflect the correct discretionary three years of postrelease control. See, e.g., State v. Cooper, 8th Dist. No. 90144,2008-Ohio-3459, ¶¶ 12-18. But because we find his plea invalid, we vacate Werber's conviction and reverse and remand for further proceedings.
 {¶ 15} Werber's first and third assignments of error are sustained. Werber's second assignment of error, which asserts that the trial court should have followed the statutory forfeiture provisions set forth in R.C. Chapter 2981.01 et seq., is therefore moot.
Reversed and remanded.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for further proceedings consistent with this opinion. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY JANE BOYLE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] The specifications incorrectly referenced R.C. 2941.1417, which is a sexual motivation specification, rather than R.C. 2981.04, regarding criminal forfeiture proceedings. Under R.C. 2981.04, property may be forfeited in criminal proceedings only if the indictment charging the offense contains "a specification of the type described in section 2941.1417 of the Revised Code." (Emphasis added.) *Page 1