[Cite as *State v. Werber*, 2012-Ohio-2516.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97797**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GREGORY WERBER

DEFENDANT-APPELLANT

---

### JUDGMENT:
### DISMISSED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-501932

**BEFORE:** Blackmon, A.J., Cooney, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** June 7, 2012

**APPELLANT**

Gregory Werber, pro se
Inmate #540-806
Marion Correctional Institution
P.O. Box 57
Marion, Ohio 43302-8256


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Mark J. Mahoney
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, A.J.:

{¶1}  Appellant Gregory Werber ("Werber") appeals the trial court's denial of his request for the trial court to make a "justiciable finding" pursuant to the Public Records Act and assigns the following two errors for our review:

> **I.  The trial court's failure to make a "justiciable finding" on Werber's "Public Records Act Request for Justiciable Finding," violates R.C. 149.43(B)(8), and requires that the trial court's order be reversed and the case remanded for the "justiciable finding" required by R.C. 149.43(B)(8).**

> **II.  The trial court erred by denying Werber's motion to rule R.C. 149.43(B)(8) unconstitutional on its face or as applied to Werber because it obstructs, delays, and denies Werber, and incarcerated convicts like Werber, access to public records in violation of their rights to access the court, petition their government with their grievances, due process, self-representation, and equal protection under Article I, Sections 10 and 16 of the Ohio Constitution, and the First, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.**

{¶2}  After reviewing the record and pertinent law, we dismiss the appeal because it is moot.  The apposite facts follow.

## Facts

{¶3}  Werber entered a plea to drug trafficking in an amount equal to or exceeding 5,000 grams but less than 20,000 grams.  As part of the plea agreement, Werber agreed to a five-year sentence.  Werber appealed his plea; this court in *State v. Werber*, 8th Dist. No. 90888, 2008-Ohio-6482, reversed and   remanded the matter to the trial court.  On remand, Werber represented himself at a jury trial.  The jury found Werber guilty of two counts of drug trafficking and one count of possession of criminal tools.  The trial court merged Werber's two drug trafficking counts and sentenced

Werber to eight years for drug trafficking and one year for possession of criminal tools, to be served consecutively.  This court affirmed his convictions in *State v. Werber*, 8th Dist. No. 93716, 2010-Ohio-4883.

{¶4}  On February 24, 2011, Werber filed a writ of habeas corpus action in the federal district court.  The federal court ordered that Werber file a copy of the transcript from his "state appeals Nos. 90888 and 93716," as well as state exhibits 42 and 43, and defense exhibit A.  Werber filed the transcripts but was unsuccessful in his attempts to have the Cuyahoga County prosecutor submit the exhibits to the federal court.

{¶5}  Therefore, on December 4, 2011, Werber filed  in the Cuyahoga County Court of Common Pleas a public records request for a justiciable finding pursuant to R.C. 149.43(B)(8).  Pursuant to the statute, such a finding was necessary before he could directly request the exhibits from the clerk of courts.  Attached to Werber's motion was the order from the federal district court magistrate ordering the attorney general's office to produce state exhibits 42 and 43 and defense exhibit A.  Werber also filed a motion to declare R.C. 149.43 unconstitutional.

{¶6}  On December 5, 2011, the state filed a brief in opposition to Werber's request.  The state argued that the prosecutor's office did not possess the exhibits that Werber sought to obtain.  The state argued that Werber should make his request to the clerk of courts for the Eighth District Court of Appeals where the exhibits were located. On December 12, 2011, Werber filed a reply brief stating that the state had misconstrued the issue, and that he was seeking an order from the common pleas court stating that he has a justiciable claim as required by R.C. 149.43(B)(8).  On December 14, 2011, the

trial court denied Werber's motions stating that "the clerk of courts is the proper person to obtain the court records under the Ohio Public Records Act."

{¶7} On December 23, 2011, the state filed with the common pleas court, a motion captioned, "State's Notice of Compliance with the Order to Produce Evidence Issued by the United States District Court, Rendering Defendant's Request Moot." In the motion, the state declared that on December 8, 2011, the attorney general's office had filed a notice that the exhibits were being mailed to the court in compliance with the district court's order. The state argued that Werber's request was, therefore, moot. In response, on January 6, 2012, in spite of already denying Werber's motions, the trial court held "Defendant's public records act request for a justiciable finding pursuant to R.C. 149.43(B)(8) is denied as moot." However, Werber had filed his notice of appeal the day before the trial court's January ruling.

## Dismissal of Appeal

{¶8} In his assigned error, Werber contends the trial court erred by denying his motion for a justiciable finding required by R.C. 149.43(B)(8), and he claims R.C. 149.43(B)(8) is unconstitutional.

{¶9} We conclude that this appeal is moot. As we stated above, after the trial court denied Werber's motions, the attorney general's office complied with the district court's order and provided the requested exhibits to the district court. Appellate courts will not review questions that do not involve live controversies. *See Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133, 566 N.E.2d 655 (1991). Thus, an action must be dismissed as moot unless it appears that a live controversy exists. *Lorain Cty. Bd. of*

*Commrs. v. U.S. Fire Ins. Co.*, 81 Ohio App.3d 263, 266–267, 610 N.E.2d 1061 (9th Dist.1992). Because the records that were the subject of Werber's request have been provided to the district court, there is   no live controversy before this court; therefore, the appeal is moot.

{¶10}   Appeal dismissed.

It is ordered that appellee recover of appellant its costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

COLLEEN CONWAY COONEY, J., and
MARY EILEEN KILBANE, J., CONCUR