[Cite as *State v. Werber*, 2014-Ohio-609.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100290**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# GREGORY WERBER

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-501932

**BEFORE:** Jones, J., Boyle, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** February 20, 2014

**FOR APPELLANT**

Gregory Werber
Inmate No. 540-806
Marion Correctional Institution
P.O. Box 57
Marion, Ohio 43301-0057


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Daniel T. Van
        Kevin R. Filiatraut
Assistant County Prosecutors
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant, Gregory Werber, appeals the trial court's denial of his motion to vacate judgment. We affirm.

## I. Procedural History

{¶2} In 2007, Werber was charged with drug trafficking, possession of drugs, and possession of criminal tools. Werber entered a plea to drug trafficking in an amount equal to or exceeding 5,000 grams but less than 20,000 grams. As part of the plea agreement, Werber agreed to a five-year sentence. Werber appealed his plea, and this court reversed and remanded because the trial court did not substantially comply with Crim.R. 11(C). *State v. Werber*, 8th Dist. Cuyahoga No. 90888, 2008-Ohio-6482 ("*Werber I*").

{¶3} On remand, Werber represented himself at a jury trial. The jury found Werber guilty of two counts of drug trafficking and one count of possession of criminal tools. The trial court merged Werber's two drug trafficking counts and sentenced Werber to eight years for drug trafficking and one year for possession of criminal tools, to be served consecutively, for a total of nine years in prison. This court affirmed his convictions in *State v. Werber*, 8th Dist. Cuyahoga No. 93716, 2010-Ohio-4883 ("*Werber II*").

{¶4} In 2011, Werber filed a writ of habeas corpus action in federal district court, alleging 13 grounds for relief. The federal court ordered that Werber file a copy of the transcript and exhibits from his state appeals. Werber filed the transcripts but was

initially unsuccessful in his attempts to have the state submit its exhibits to the federal court. Werber filed another notice of appeal with regard to his request for the exhibits but they were eventually turned over. This court dismissed his appeal as moot. *State v. Werber*, 8th Dist. Cuyahoga No. 97797, 2012-Ohio-2516 ("*Werber III*"), *appeal not accepted*, 132 Ohio St.3d 1517, 2012-Ohio-4021, 974 N.E.2d 114.

{¶5} The federal district court denied Werber's writ of habeas corpus. *Werber v. Milligan*, N.D.Ohio No. 1:11CV400, 2012 U.S. Dist. LEXIS 58292 (Mar. 23, 2012), *cert. denied*, *Werber v. Bunting*, __ U.S. __ , 134 S.Ct. 654, 187 L.Ed.2d 432 (2013).

{¶6} In 2012, Werber filed a motion titled "Motion For Relief From Judgment Pursuant to Rule 60 of the Rules of Civil Procedure" with this court under 8th Dist. Cuyahoga No. 90888. This court denied the motion, noting that his appeal was released and journalized in December 2008. Werber appealed the denial to the Ohio Supreme Court; the court did not accept his appeal for review. *State v. Werber*, 133 Ohio St.3d 1466, 2012-Ohio-5149, 977 N.E.2d 694.

{¶7} Werber then filed a motion in the trial court captioned "Defendant's Motion to Vacate Judgment Based on Newly Discovered Evidence of Fraud on the Courts, Pursuant to Crim.R. 57(B) and Civ.R. 60(B)(5)." The trial court denied his motion.

{¶8} It is from the denial of this motion that Werber filed this pro se appeal, raising the following assignments of error:

> [I.] The trial court abused its discretion by not finding fraud on the court, fraud on Werber, and by not granting relief that returns Werber to the status

quo ante this fraud, or other comparable or equitable relief.

[II.] The trial court abused its discretion by denying without a hearing Werber's motion to vacate judgment based on newly discovered evidence of fraud on the courts.

[III.] The court of appeals is the proper forum to hear, remedy, and grant relief from this fraud on the courts, fraud on Werber, and the fraudulently obtained and erroneous appellate judgment entered on this court of appeals.

{¶9} We have combined the assignments of error for review.

## II. Law and Analysis

{¶10} A vaguely titled motion, including a motion to correct or vacate a sentence, may be construed as a petition for postconviction relief under R.C. 2953.21(A)(1) where (1) the motion was filed subsequent to a direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for a vacation of the judgment and sentence. *State v. Reynolds*, 79 Ohio St.3d 158, 160-161, 679 N.E.2d 1131 (1997). After review, we find that Werber's motion meets these four requirements. Accordingly, we shall construe his motion to vacate as a petition for postconviction relief.

{¶11} R.C. 2953.21 through 2953.23 set forth the means by which a convicted defendant may seek to have the trial court's judgment or sentence vacated or set aside pursuant to a petition for postconviction relief. A defendant's petition for postconviction relief is a collateral civil attack on his or her criminal conviction. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48. The statute affords relief from judgment where the petitioner's rights in the proceedings that resulted in his or her

conviction were denied to such an extent the conviction is rendered void or voidable under the Ohio or United States Constitutions. R.C. 2953.21(A); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph four of the syllabus.

{¶12} R.C. 2953.21 provides that a postconviction petition must be filed within 180 days from the filing of the trial transcripts in the petitioner's direct appeal. Therefore, Werber's petition was untimely filed. Pursuant to R.C. 2953.23(A)(1), the trial court may entertain an untimely filed petition only if: (1) Werber was unavoidably prevented from discovering the facts on which the petition is predicated, or (2) the United States Supreme Court has recognized a new federal or state law that would apply retroactively to Werber and he asserts a claim based on that new right.

{¶13} The crux of Werber's claim on appeal is that the court reporter who transcribed his original plea falsified the plea transcript by changing the amount of money he was required to forfeit as part of his plea agreement. As a result, he was induced to argue for a reversal of his plea and proceed with a trial when this court vacated his plea. He further argues that the court reporter covered up the falsified transcript with a new corrected transcript and an "anonymous whistleblower" court reporter sent him the corrected transcript pages in prison, which is how he discovered the new evidence. As such, Werber argues, a fraud has been committed upon him and the courts. Finally, Weber claims the trial court erred when it summarily denied his motion without holding a hearing.

{¶14} Werber's claim fails because it is both moot and barred by the doctrine of res

judicata. Under the doctrine of res judicata, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Patrick*, 8th Dist. Cuyahoga No. 99418, 2013-Ohio-5020, ¶ 7, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995).

{¶15} Werber made this same argument previously to this court and it was denied. After *Werber II* was released and Werber's motion for reconsideration was denied, Werber filed a motion with this court to "Correct Falsified Transcript By Remand For New Trial." In Motion No. 438930, this court found "any issues involving the original plea ordered vacated by this court are rendered moot by appellant's subsequent trial." *Werber II*.

{¶16} Werber has also made the same claim to the federal court where it has been denied. In *Werber*, N.D.Ohio No. 1:11CV400, 2012 U.S. Dist. LEXIS 58292, *44 (Mar. 23, 2012), one of Werber's grounds for relief related to "the alleged falsification of the transcript of the guilty plea hearing submitted in *Werber II*." The magistrate judge found:

> The plea hearing had no bearing on the outcome of *Werber II*. Werber overlooks that he prevailed on the challenge to his guilty plea in his first appeal, *Werber I*, and that his guilty plea and conviction were subsequently vacated. Ground One is moot because his current imprisonment is not based on his guilty plea. Instead, his imprisonment is the result of his subsequent conviction by a jury.

*Werber*, *supra* at *44-*45.

{¶17} In the district court opinion adopting the magistrate's decision, the court opined that Werber's claim regarding the falsified transcript "became moot when his guilty plea and conviction were overturned and vacated." *Werber v. Milligan*, N.D.Ohio No.

1:11CV400, 2012 U.S. Dist. LEXIS 58291, *5 (Apr. 25, 2012).

**{¶18}** In this appeal, Werber is raising the same claim with regard to the alleged falsified transcript. Werber's original plea of guilty and conviction were vacated and he was subsequently tried and convicted by a jury. He can no longer attack his original plea; any arguments about his original plea and conviction are moot.

**{¶19}** Werber also contends the trial court erred by not holding an evidentiary hearing on his motion. But a court may dismiss a postconviction petition without an evidentiary hearing if the petition shows that the petitioner is not entitled to relief. R.C. 2953.21(C); *State v. Piasecki*, 8th Dist. Cuyahoga No. 98952, 2013-Ohio-1191, ¶ 21. Therefore, the trial court did not err when it did not hold a hearing on Werber's motion.

**{¶20}** The assignments of error are overruled.

**{¶21}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, A.J., and

MARY EILEEN KILBANE, J., CONCUR