[Cite as *State v. Smith*, 2014-Ohio-3041.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 100792

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## EDWARD A. SMITH

DEFENDANT-APPELLANT

---

**JUDGMENT:**
DISMISSED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-88-226041-A

**BEFORE:** Rocco, J., Boyle, A.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** July 10, 2014

-i-

**FOR APPELLANT**

Edward A. Smith, pro se
R-135-659
Grafton Correctional Institution
2500 S. Avon-Belden Road
Grafton, Ohio   44044

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Joseph J. Ricotta
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

**{¶1}** Defendant-appellant Edward A. Smith, proceeding pro se, appeals from the December 4, 2013 trial court order that denied his second "Civ.R. 60(B) motion" for relief from both his 1988 conviction for aggravated murder and from the sentence imposed for that conviction.

**{¶2}** Smith presents six assignments of error.[1] He claims that: (1) the trial court "abused its discretion" by failing to create a panel of three judges to accept his guilty plea to the charge, (2) his trial counsel rendered ineffective assistance for failing to raise his age as a bar to the common pleas court's jurisdiction over him, (3) the common pleas court lacked jurisdiction to convict him, (4) his sentence was void, (5) the trial court improperly applied the doctrine of res judicata to his motion, and (6) the trial court improperly treated his motion as a petition for postconviction relief.

**{¶3}** The record reflects Smith filed an identical motion in the trial court four months previously. The trial court denied the first motion in an order dated August 20, 2013. Smith's untimely appeal from that denial was dismissed by this court. Smith simply refiled his motion again on November 12, 2013. Because Smith cannot circumvent the appellate rules in such a manner, his appeal, once again, is dismissed.

**{¶4}** Smith originally was indicted in this case on April 7, 1988, after being bound over from the juvenile court; he was charged with aggravated murder with a felony

---

[1]Smith's assignments of error are appended to this opinion.

murder specification, aggravated burglary, and theft. All of the counts also carried aggravated felony specifications.

{¶5} On July 26, 1988, after the jury was empaneled for trial, Smith accepted the state's offer to dismiss the other counts and specifications in exchange for his guilty plea to the charge of aggravated murder with aggravated felony specifications. The trial court explained Smith's "constitutional rights, the elements of the crime as well as the penalties involved"[2] before accepting his plea. Smith received a prison sentence of 20 years to life, to be served concurrently with the sentences imposed in three other cases.

{¶6} In 1999, Smith requested leave to file a delayed appeal of his convictions and sentence. This court denied his request.

{¶7} On July 22, 2013, Smith filed the motion at issue in this appeal. He entitled it as his "motion to void sentence under Civ.R. 60(B)." He asserted that: (1) as a minor, he had not "possess[ed] the mental ability to fully grasp" the consequences of entering his guilty plea; (2) his sentence was "void," but, at any event, should have been limited to 20 years; (3) the indictment against him was defective; (4) the trial court lacked jurisdiction to accept his guilty plea; (5) his trial counsel had misled him; and (6) the bindover of his case from juvenile court was flawed.

{¶8} The state filed a brief in opposition to Smith's motion, urging the trial court to deny it. Smith filed a reply brief, insisting that his motion should be construed pursuant to Civ.R. 60(B). On August 20, 2013, the trial court denied Smith's motion.

---

[2]Quoted from the trial court's judgment entry of plea and sentence.

**{¶9}** On September 23, 2013, Smith filed a notice of appeal from that order, designated 8th Dist. Cuyahoga No. 100437. On September 30, 2013, this court, however, dismissed the case pursuant to App.R. 4(A) as untimely.

**{¶10}** On November 12, 2013, Smith filed in the trial court a second motion; although it had a slightly different title, i.e., a "motion to void judgment and correct order under Civ.R. 60(B)," in all other respects, it was identical to his previous motion. On December 4, 2013, after the state filed another opposition brief, the trial court issued an order that denied Smith's motion.

**{¶11}** Smith instituted this appeal from that order. Although he presents six assignments of error, all of which challenge his original convictions and sentence, this court lacks jurisdiction to consider them.

**{¶12}** Smith is "attempting to utilize the instant appeal to improperly seek review of alleged errors that he failed to timely appeal." *State v. Gray*, 8th Dist. Cuyahoga No. 78467, 2001 Ohio App. LEXIS 2331 (May 24, 2001); *see also State v. Marks*, 8th Dist. Cuyahoga No. 99474, 2013-Ohio-3734, ¶ 6; *Rocky River v. Garnek*, 8th Dist. Cuyahoga No. 97540, 2012-Ohio-3079, ¶ 5; *State v. Lenard*, 8th Dist. Cuyahoga No. 93373, 2010-Ohio-2220, ¶ 14, 15; *compare State v. Werber*, 8th Dist. Cuyahoga No. 100290, 2014-Ohio-609 (this court addressed appellant's timely appeal from the trial court denial of his first "motion to vacate judgment" made pursuant to Civ.R. 60(B)(5)). As this court observed in *State v. Church*, 8th Dist. Cuyahoga No. 68590, 1995 Ohio App. LEXIS 4838 (Nov. 2, 1995):

This type of "bootstrapping" to wit, the utilization of a subsequent order to indirectly and untimely appeal a prior order (which was never directly appealed) is procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order.   See, Appellate Rules 3(D), 4(A), 5 and 16(A)(3).

**{¶13}** Smith failed to file a timely appeal from the trial court's original denial of his motion.  The trial court's second denial of the identical motion "did not restart the clock under App.R. 4(A)."   *State v. Damron*, 4th Dist. Scioto No. 10CA3375, 2011-Ohio-165, ¶ 10.

**{¶14}** Because Smith failed to file a timely appeal from the trial court's denial of his "motion to void" judgment made pursuant to Civ.R. 60(B), this court lacks jurisdiction to consider this appeal.

**{¶15}** Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, A.J., and
TIM McCORMACK, J., CONCUR

APPENDIX

Appellant's Assignments of Error:

I.  The trial court abused its discretion by failing to impanel 3 judges as law requires.

II.   The trial counsel was ineffective for failing to argue the age of Defendant.

III.   The trial court lacked jurisdiction to hear the case sub judice.

IV.   The sentence given to Appellant was illegal and void.

V.   The trial court erred by using the doctrine of res judicata.

VI.   The trial court via the prosecutor allowed the state to recast Appellant's 60(B)[motion] as a post conviction [petition].