[Cite as *State v. Knuckles*, 2014-Ohio-3823.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101309**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RODNEY KNUCKLES

DEFENDANT-APPELLANT

**JUDGMENT:**
DISMISSED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-81-164134-ZA

**BEFORE:** Celebrezze, P.J., Rocco, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 4, 2014

**FOR APPELLANT**

Rodney Knuckles, pro se
Inmate No. 630-539
North Central Correctional Institution
P.O. Box 1812
Marion, Ohio   43301


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Mary McGrath
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellant, Rodney Knuckles, a.k.a. Ricky Johnson, appeals the denial of his successive postconviction relief petition. He argues that his petition is not barred by res judicata because his conviction and sentence are void. After a thorough review of the record and law, we dismiss this appeal.

## I. Factual and Procedural History

{¶2} In 1981, appellant was indicted for murder. A jury trial resulted in appellant being found guilty of murder and sentenced to an indefinite prison term of 15 years to life. This court reversed the conviction and remanded for a new trial in 1982. The trial court's docket indicates appellant waived his right to a jury trial, and a bench trial began on March 4, 1983. Appellant was again found guilty of murder and sentenced to the same 15 years to life.

{¶3} Appellant's first petition for postconviction relief was denied on February 28, 1985. His second petition was denied on May 3, 1985, with additional petitions denied in 1991 and 1993. On May 20, 2013, appellant filed a motion titled "Motion Pursuant to ORC 2945.05, That the Trial Court Was Without Jurisdiction to Conduct a Bench Trial." In what looks more like an appellate brief, appellant argued that there was no written jury waiver executed in his case. That motion was denied. Appellant filed an appeal from that decision on September 30, 2013. On November 26, 2013, this court dismissed the appeal for appellant's failure to file a brief.

{¶4} On February 10, 2014, appellant filed another postconviction relief petition making the same arguments raised in his May 20, 2013 motion. That petition was denied, and the trial court issued lengthy findings of fact and conclusions of law documenting appellant's multiple successive petitions. The court found that appellant's claims should have been raised on direct appeal and, because they were not, they were barred by res judicata. It also found that appellant's multiple petitions making the same argument also meant res judicata barred reargument. Finally, the court found that appellant's petition was untimely. Appellant now appeals from that decision assigning two errors for review:

> I. The trial court erred and abused its discretion when it barred appellants [sic] postconviction relief as successive and untimely filed under, R.C. 2953.21(A)(2), by res judicata.

> II. Appellant states his conviction and sentence is "Void" for the courts failure to comply with the mandatory statute requirement of R.C. 2945.05, when it conducted a bench trial without a jury trial waiver, in violation of my 5th, 14th [sic] Amendments to the United States Constitution.

## II. Law and Analysis

{¶5} Because appellant is attempting to use a successive petition for postconviction relief as a means to circumvent the order previously dismissing his appeal, this appeal must be dismissed.

{¶6} Appellant's May 20, 2013 motion and February 10, 2014 petition have different wording, but the arguments advanced are the same — the clerk of courts failed to provide appellant with a written jury waiver from his trial on request in 2013.

Appellant argues in both documents that this means there was no valid jury waiver in the case and his conviction is void.

**{¶7}** Recently, this court addressed a similar situation in *State v. Smith*, 8th Dist. Cuyahoga No. 100792, 2014-Ohio-3041. Smith filed a Civ.R. 60(B) motion for relief from his 1988 conviction because, among other things, a three-judge panel was not convened to take his plea, he received ineffective assistance of counsel, his sentence was void, and the common pleas court lacked jurisdiction over him. *Id*. at ¶ 7. The trial court denied the motion, finding that res judicata applied to the arguments. Smith filed an untimely appeal from that decision, which was dismissed by this court. *Id*. at ¶ 9. Smith then refiled the same motion with a different title. *Id*. at ¶ 10. The court again denied it, and Smith appealed to this court. This court found that

> Smith is "attempting to utilize the instant appeal to improperly seek review of alleged errors that he failed to timely appeal." *State v. Gray*, 8th Dist. Cuyahoga No. 78467, 2001 Ohio App. LEXIS 2331 (May 24, 2001); see also *State v. Marks*, 8th Dist. Cuyahoga No. 99474, 2013-Ohio-3734, ¶ 6; *Rocky River v. Garnek*, 8th Dist. Cuyahoga No. 97540, 2012-Ohio-3079, ¶ 5; *State v. Lenard*, 8th Dist. Cuyahoga No. 93373, 2010-Ohio-2220, ¶ 14, 15; compare *State v. Werber*, 8th Dist. Cuyahoga No. 100290, 2014-Ohio-609 (this court addressed appellant's timely appeal from the trial court's denial of his first "motion to vacate judgment" made pursuant to Civ.R. 60(B)(5)). As this court observed in *State v. Church*, 8th Dist. Cuyahoga No. 68590, 1995 Ohio App. LEXIS 4838 (Nov. 2, 1995):
>
> "This type of 'bootstrapping' to wit, the utilization of a subsequent order to indirectly and untimely appeal a prior order (which was never directly appealed) is procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order." See, Appellate Rules 3(D), 4(A), 5 and 16(A)(3).

*Id*. at ¶ 12.

**{¶8}** Here, appellant's previous appeal from the denial of his motion was dismissed because he failed to file a brief. Filing a second motion making the same arguments does not grant appellant a second chance to have the issues raised therein reheard on appeal. This blatant attempt to circumvent the appellate rules and prior decisions of this court requires the dismissal of the instant appeal.

**{¶9}** Accordingly, the appeal is dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KENNETH A. ROCCO, J., and
EILEEN T. GALLAGHER, J., CONCUR